76 F.3d 384
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Freddy Antonio BOUDIER-GONZALEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70169.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1995.*
Decided Dec. 11, 1995.
 
 Before: SNEED, TROTT, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Freddy Antonio Boudier-Gonzalez, a native and citizen of Nicaragua, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the decision of the immigration judge ("IJ"), denying his applications for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 3
 Because the BIA explicitly stated that it was adopting the reasoning of the IJ, we review the IJ's decision. See Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995). We reject Boudier-Gonzalez's argument that the BIA abused its discretion by adopting the reasoning of the IJ. Id. We review the factual findings underlying the denial of asylum and withholding of deportation for substantial evidence. See Berroteran-Melendez v. INS, 955 F.2d 1251, 1255 (9th Cir.1992). Credibility findings of the IJ are also reviewed for substantial evidence. Id. at 1256.
 
 
 4
 Under section 208(a) of the INA, the Attorney General has discretion to grant asylum to an applicant who is unwilling to return to his or her native country because of past persecution or a well-founded fear of future persecution. See Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). To establish eligibility for asylum based on a well-founded fear of persecution, asylum applicants must show both a genuine subjective fear of persecution and an objectively reasonable fear. Id. The burden is on the applicant to meet this standard. Id. "An IJ's credibility findings are given substantial deference by the reviewing court, but must be supported by a 'specific, cogent reason' for the disbelief." Berroteran-Melendez, 955 F.2d at 1256 (quoting Turcios v. INS, 821 F.2d 1396, 1399 (9th Cir.1987)).
 
 
 5
 Boudier-Gonzalez's asylum claim was based on his desertion from the Sandinista military in 1986. He testified that in 1984 he was drafted into the military for two years of mandatory military service. According to Boudier-Gonzalez, he was placed in a position in the Department of Accounting which required him to keep track of sensitive military information regarding the movement of troops and supplies. He testified that after serving the mandatory two years in the military, he was informed by his superior officer that because of his knowledge of classified information he could not return to civilian life and would have to either re-enlist in the military or be imprisoned. Boudier-Gonzalez testified that he re-enlisted, was given a three month vacation, and during that time left Nicaragua.
 
 
 6
 Boudier-Gonzalez testified that when he did not report for military duty, soldiers went to his father's house looking for him. According to Boudier-Gonzalez, the Sandinistas took adverse action against his brother in an attempt to pressure Boudier-Gonzalez to return to Nicaragua. He testified that his brother, who had been in the military since 1979, was demoted and imprisoned for several years because of Boudier-Gonzalez's desertion. Boudier-Gonzalez said he believed that if he returned to Nicaragua he would be arrested and killed because of his knowledge of Sandinista military information and his suspected opposition to the Sandinistas.
 
 
 7
 The IJ found that Boudier-Gonzalez's testimony supporting his claim for asylum and withholding of deportation was not credible. The following evidence supports the IJ's finding. Boudier-Gonzalez's testimony that the Sandinistas continue to be interested in him because of his knowledge of military information is not consistent with the fact, acknowledged by Boudier-Gonzalez, that the military situation in Nicaragua has changed significantly in the years since his desertion. As the IJ noted, his testimony that the Sandinistas forced him to remain in the military is at odds with the evidence that he received a discharge from the military in 1986 after two years of service. His testimony that he held a high ranking military position during his two-year military service is not consistent with the fact that he could not answer the IJ's repeated questions regarding his military rank, or explain how his position differed from the positions of ordinary soldiers serving for two years. Furthermore, Boudier-Gonzalez's claim to have had access to sensitive military information is not consistent with the fact that he was never granted a security clearance. Finally, his testimony that the Sandinistas demoted, imprisoned and tortured his brother for several years in an attempt to force his return to Nicaragua is highly implausible given that his brother had been a member of the Sandinista military for seven years at the time of Boudier-Gonzalez's desertion. The IJ gave specific reasons for disbelieving Boudier-Gonzalez, and his credibility determination is supported by substantial evidence. See Berroteran-Melendez, 955 F.2d at 1256.
 
 
 8
 Because Boudier-Gonzalez failed to present credible evidence demonstrating a genuine and well-founded fear of persecution, he failed to establish eligibility for asylum. See id. at 1257.
 
 
 9
 Because the standard for withholding of deportation is higher than the standard for a grant of asylum, we affirm the IJ's denial of withholding of deportation. See Acewicz, 984 F.2d at 1062.
 
 
 10
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3