74 F.3d 1247
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rodolfo Jose ZELAYA-LOPEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70721.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 10, 1996.
Decided Jan. 16, 1996.*
 
 Before: BROWNING, WRIGHT and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 We deny Zelaya's petition for review of the BIA's rejection of his asylum application.
 
 
 3
 He argues that the BIA erred in finding that he did not have a well-founded fear of persecution.[1] As the BIA pointed out, however, he failed to demonstrate how his past experience with the Sandinistas gave rise to such a fear. Although the Sandinistas forced him to participate in risky helicopter missions, Zelaya has not shown that they selected him because of his political affiliation with the deposed Somoza regime. The Sandinistas required all men of Zelaya's age to serve in the military. It is just as likely that they selected him because he was one of the few persons in the country who could fly a helicopter. Notably, the Sandinistas never imprisoned Zelaya and they allowed him to return to his family and farm between missions.
 
 
 4
 Zelaya's testimony was speculative and lacking in detail. He said the Sandinistas had painted "bourgeois" on his house, but did not explain the significance of this graffito. He also said one of his brothers was killed in the war with the rebels, but did not elaborate. He asserted the Sandinistas had labeled him a traitor, but did not explain how this label related to a current, well-founded fear of persecution.
 
 
 5
 Substantial evidence supports the BIA's finding that Zelaya did not have a well-founded fear of future persecution. The changed political conditions in Nicaragua, of which the BIA took administrative notice, detracted from Zelaya's contention that he currently feared persecution by the Sandinistas. By the time of the deportation hearing, a democratically-elected opposition government had removed the Sandinistas from power.
 
 
 6
 Zelaya contends that the BIA violated due process by taking such administrative notice without providing him sufficient notice. He relies on Castillo-Villagra v. INS, 972 F.2d 1017, 1029 (9th Cir.1992), but this case is inapposite because Zelaya was aware of the administrative notice prior to his appeal and he had an opportunity to respond to the noticed facts before both the IJ and the BIA. Acewicz v. INS, 984 F.2d 1056, 1060-61 (9th Cir.1993). At the deportation hearing, he did not object to the introduction of the 1990 country report on Nicaragua. He testified that he still had a well-founded fear despite the changes noted in the report.
 
 
 7
 Zelaya argues that the BIA violated due process by adopting in full the opinion of the IJ. We recently rejected this argument in Alaelua, 45 F.3d at 1382 (BIA may adopt the IJ's decision if it makes it clear that it is doing so).
 
 
 8
 Zelaya argues that the BIA violated due process by commenting on his failure to discuss the effect of his drug conviction on his eligibility for asylum. The BIA may review the record de novo and make its own findings. Ghaly v. INS, 58 F.3d 1425, 1430 (9th Cir.1995). The conviction was mentioned throughout the record, and the BIA was entitled to consider it in its discretionary decision denying relief. See 8 U.S.C. Sec. 1158(a); INS v. Cardoza-Fonseca, 480 U.S. 421, 428 n. 5 (1987) (decision to grant asylum is discretionary). Although the BIA chose to reject Zelaya's application on the same grounds as did the IJ, it was free to comment on the conviction.
 
 
 9
 The petition for review is DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Because the BIA explicitly adopted the decision of the IJ, we treat the IJ's decision as the BIA's decision. Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995)