78 F.3d 594
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Maria Auxiladora PRADO; Marlon Ernesto Urbina-Prado, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70595.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 27, 1996.*
Decided March 4, 1996.
 
 Before: PREGERSON, CANBY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Maria Auxiladora Prado ("Prado") and her minor son Marlon Ernesto Urbina-Prado, natives and citizens of Nicaragua, petition for review of the Board of Immigration Appeals' ("BIA") decision affirming the order of an immigration judge ("IJ") denying their application for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1158(a) and 1253(h), and granting them voluntary departure. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 3
 Prado contends that the BIA opinion failed to explain the reasons for the denial of asylum, and that the decision is not supported by substantial evidence.
 
 
 4
 The BIA must state its reasons for denying asylum and withholding deportation with sufficient particularity and clarity to permit this court to conduct a proper substantial evidence review. Castillo v. INS, 951 F.2d 1117, 1121 (9th Cir.1991). However, "[t]he BIA may incorporate the IJ's opinion if the BIA opinion makes it clear it is doing so." Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995). Because the BIA stated that it's decision was "based upon and for the reasons set forth in" the IJ's decision, we review the IJ's decision. See id.
 
 
 5
 The IJ's denial of asylum is reviewed for abuse of discretion. See Kazlauskas v. INS, 46 F.3d 902, 905 (9th Cir.1995); Alaelua, 45 F.3d at 1382. The IJ's factual determinations are reviewed for substantial evidence. Mendez-Efrain v. INS, 813 F.2d 279, 283 (9th Cir.1987). We must uphold the denial of asylum unless an alien demonstrates that the evidence she presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992); Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993).
 
 
 6
 To be eligible for a grant of asylum, an alien must qualify as a "refugee" under section 1101(a)(42)(A) of the INA. Kazlauskas, 46 F.3d at 905. Refugee status may be based on a showing of either past persecution or a well-founded fear of future persecution on account of race, religion, membership in a particular social group, or political opinion. Acewicz, 984 F.2d at 1061; see 8 U.S.C. § 1101(a)(42)(A). Asylum applicants have the burden of showing both a genuine subjective fear of persecution and an objectively reasonable fear. Acewicz, 984 F.2d at 1061.
 
 
 7
 An applicant qualifies for withholding of deportation under a more stringent standard than that required for asylum, by demonstrating a "clear probability of prosecution." Id. at 1062.
 
 
 8
 Prado claims past persecution and fear of future persecution because: (1) her sister was killed by Sandinistas shortly after they came to power; (2) Sandinistas harassed her and placed her under surveillance; and (3) police detained her for fighting with a neighbor, and believed the neighbor's story and not Prado's. Prado also claims fear of future persecution because her husband, a Sandinista soldier, argued with her and once injured her leg because of her anti-Sandinista views. She contends that she fears that her husband will take their son and indoctrinate him as a Sandinista if she returns to Nicaragua because he visited them both regularly, intimidated them, and threatened to take her son.
 
 
 9
 The IJ's finding that Prado failed to establish a well-founded fear of persecution is supported by substantial evidence. First, Prado's fear of persecution based on her sister's murder was not objectively reasonable because Prado, with her son, lived and worked in Nicaragua for nine years after the murder, without ever being arrested or physically harmed by the Sandinistas. See Castillo, 951 F.2d at 1122. Similarly, although Prado was placed under surveillance and threatened in Nicaragua, she was never arrested, physically harmed, or imprisoned. Prado's detention following her dispute with a neighbor lasted only four hours and she was released unharmed. Such incidents are not sufficient to establish a fear of persecution absent physical harm or abuse. See Kazlauskas, 46 F.3d at 906 (grant of asylum not warranted unless past persecution is "atrocious"); cf. Mendez-Efrain, 813 F.2d at 282-83 (detention for four days without harm or abuse does not establish fear of persecution).
 
 
 10
 Prado separated from her husband in 1980, but she continued to live in her country until 1988. During that time, her husband did not take or harm her son. Although he injured her on one occasion, the evidence of Prado's political disagreements and domestic disputes with her husband would not compel a reasonable factfinder to conclude that she was or will be persecuted on account of her political opinion. See Elias-Zacarias, 502 U.S. at 481; Acewicz, 984 F.2d at 1061; cf. Lazo-Majano v. INS, 813 F.2d 1432, 1437 (9th Cir.1987) (alien established fear of persecution where member of military "bullied, beat[ ], injured, raped, and enslaved" her because of her political opinion).
 
 
 11
 We conclude that the IJ did not abuse its discretion by denying Prado's application for asylum. See Kazlauskas, 46 F.3d at 905. We similarly affirm the BIA's denial of withholding of deportation. See Acewicz, 984 F.2d at 1061.
 
 
 12
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3