85 F.3d 637
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jorge Leonel MORA-BURMUDEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70065.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 5, 1996.*
Decided March 11, 1996.
 
 1
 Before: PREGERSON, T.G. NELSON, Circuit Judges and LYNCH, District Judge.**
 
 ORDER
 
 2
 The Memorandum disposition filed March 8, 1996 is withdrawn.
 
 
 3
 MEMORANDUM***
 
 
 4
 Jorge Leonel Mora-Bermudez, a native and citizen of Nicaragua, appeals the decision of the Board of Immigration Appeals (the "BIA") affirming the denial of his application for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a) and 1253(h), and the grant of voluntary departure. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a). We affirm.
 
 
 5
 Mora-Bermudez contends that the Immigration Judge's ("IJ") negative credibility finding was not supported by substantial evidence, and that the IJ erred in taking judicial notice of changed country conditions in Nicaragua. We have reviewed the record and determine that the IJ's denial of asylum and withholding of deportation is supported by substantial evidence.
 
 
 6
 Because the BIA clearly incorporated the IJ's opinion, we review the IJ's decision. See Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995). "The factual findings underlying the decision are reviewed for substantial evidence, and the IJ's determination should not be reversed absent compelling evidence of persecution." Kazlauskas v. INS, 46 F.3d 902, 905 (9th Cir.1995).
 
 
 7
 To qualify for asylum, an applicant must demonstrate that he or she has suffered past persecution or has a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. §§ 1158, 1101(a)(42); Singh v. Ilchert, 63 F.3d 1501, 1505 (9th Cir.1995). To establish a well-founded fear of persecution, an applicant must present a genuine subjective fear of harm and must show that this subjective fear is objectively reasonable. See Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir.1992). The objective component can be satisfied by specific documentary evidence or by an applicant's credible and persuasive testimony. See Singh, 63 F.3d at 1506. To qualify for withholding of deportation, an applicant must meet a higher standard and present evidence of a clear probability of persecution. See 8 U.S.C. § 1253(h); INS v. Stevic, 467 U.S. 407, 430 (1984); Acewicz v. INS, 984 F.2d 1056, 1062 (9th Cir.1993).
 
 
 8
 The IJ denied petitioner's application, in part, because she did not find petitioner's testimony credible. The IJ found that petitioner lacked credibility because of numerous inconsistencies between his testimony and his first and second asylum applications. The inconsistencies identified by the IJ include: (1) petitioner's testimony that he was detained on two occasions after failing to mention any detentions in his first application and only one detention in his second application for asylum; and (2) petitioner's application stating that he decided to leave Nicaragua after he received a letter from the military requiring him to join the reserves followed by testimony that he registered for military service and did not receive a letter at any time to join the military. These inconsistencies, along with the fact that petitioner's common law wife and children continue to reside in Nicaragua apparently without incident[1], provided the substantial evidence necessary for the IJ to conclude that petitioner's overall credibility was lacking.
 
 
 9
 Without any credible, or even sufficient, claims of past persecution, it follows that petitioner cannot establish an objective basis for a well-founded fear of persecution. Accordingly, we conclude that the IJ did not abuse her discretion by denying Mora-Bermudez's application for asylum. See Kazlauskas, 46 F.3d at 905. Because the standard of proof for withholding of deportation is higher than the standard of proof for asylum, Mora-Bermudez necessarily failed to demonstrate a right to withholding of deportation. See Acewicz, 984 F.2d at 1062.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Eugene F. Lynch, United States District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 See Prasad v. INS, 47 F.3d 336, 339 (9th Cir.1995) (noting that the undisturbed presence of family members in the home country is relevant to the evaluation of the applicant's fear)