85 F.3d 637
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Auxiliadora PICHARDO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70541.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 7, 1995.
Decided May 9, 1996.
 
 Before: BOOCHEVER and REINHARDT, Circuit Judges, and KING, District Judge.*
 MEMORANDUM**
 Auxiliadora Pichardo, a native and citizen of Nicaragua, petitions this court for review of a final order of the Board of Immigration Appeals ("BIA or "Board") affirming an immigration judge's order denying her request for asylum and withholding of deportation. We conclude that the immigration judge failed to consider an applicable presumption in reaching his determination that Pichardo did not establish eligibility for asylum. Accordingly, we vacate the Board's decision and remand this case so that the immigration judge may reconsider the question whether Pichardo is eligible for asylum under the proper standard and if so, exercise his discretion with respect to whether to grant Pichardo asylum.
 Pichardo entered the United States without inspection near San Ysidro, California on December 10, 1985 and filed an application for asylum with the Immigration and Naturalization Service (INS) on August 11, 1987. The application was denied, and she was placed in deportation proceedings. During those proceedings, Pichardo filed an amended application for asylum. Pichardo's 1987 application for asylum figured prominently in the 1990 hearing on her second application for asylum. The answer Pichardo gave to one question in 1987 led the immigration judge to doubt the veracity of her testimony three years later when she provided an inconsistent answer to that same question.
 Pichardo testified at her 1990 hearing that a friend "who did not know very much English" had helped her fill out her asylum application in 1987. It is clear from other questions on Pichardo's 1987 asylum application that whoever helped her fill it out was not fluent in English. For instance, Question No. 26 asks--"Why did you obtain a U.S. visa?"--and Pichardo replied: "I apply but was demng it." Question No. 32 states: "When you left your home country, to what country did you intend to go?" Pichardo's answer is completely non-responsive: "I was pushed to join the army."
 The immigration judge denied Pichardo's request for asylum and for withholding of deportation in an 11-page order. He did not make a specific finding that Pichardo's testimony was not credible but he did cast doubt on her credibility. The immigration judge concluded that Pichardo had not established past persecution on one of the five protected grounds: race, religion, nationality, membership in a particular social group, or political opinion. The BIA affirmed the decision in a one and one-half page order dated August 18, 1994 "based on and for the reasons set forth" in the immigration judge's opinion.[1]
 Pichardo's uncontroverted testimony, if deemed credible, compels the conclusion that she was persecuted by the Sandinistas on account of her political opinions. She testified, for instance, that her house was stoned by anti-Sandinista mobs and that she received death threats from people linked to the Sandinistas. Pichardo also testified that it was her membership in and activities on behalf of the Nicaraguan Conservative Party, one of the Sandinistas' rivals for power, that led the Sandinistas to target her for persecution. Even though the immigration judge did not find that Pichardo's testimony was not credible, his doubt about her testimony was nearly his sole basis for holding that she had not established that she had been the subject of persecution.
 We review credibility findings under a substantial evidence standard. Aguilera-Cota v. United States INS, 914 F.2d 1375, 1381 (9th Cir.1990). Although we accord substantial deference to an immigration judge's credibility findings, the judge must offer a "specific, cogent reason for any stated disbelief." Hartooni v. INS, 21 F.3d 336, 342 (9th Cir.1994). Moreover, the immigration judge must "not only articulate the basis for a negative credibility finding, but those reasons must be substantial and bear a legitimate nexus to the finding." Aguilera-Cota, 914 F.2d at 1381. "[W]hen the IJ provides specific reasons for the questioning of a witness's credibility, this court may evaluate those reasons to determine whether they are valid grounds upon which to base a finding that that applicant is not credible." Lopez-Reyes-INS, slip op. 3651, 3656 (9th Cir. March 20, 1996).
 As a preliminary matter, the immigration court's observation that it "will simply state in passing that it has grave doubts" about Pichardo's credibility does not constitute a finding. In Aguilera-Cota, where the immigration judge "questioned Aguilera's credibility because Aguilera's oral testimony included information not set forth in his asylum application," we concluded that "[t]he mere statement that a petitioner is 'not entirely credible' is not enough." 914 F.2d at 1382-83. As this court stated:
 [O]n a matter as important as this, if an asylum applicant's plea is to be rejected and he is to be returned home--possibly to face renewed threats to his life--simply because an IJ doubts his credibility, the IJ must make a more explicit and direct finding that he is untruthful than was made here.
 Id. at 1383.
 Moreover, even if we were to conclude that a statement of "grave doubts" constitutes a credibility finding, the finding would not be supported by substantial evidence. While the alleged inconsistencies in Pichardo's testimony may not be trivial, the immigration judge erred in placing considerable weight on them because several factors suggest that they are more apparent than real. As this court has recognized, "[f]orms are frequently filled out by poor, illiterate people who do not speak English and are unable to retain counsel." Aguilera-Cota, 914 F.2d at 1382; see also Hartooni v. INS, 21 F.3d at 342 n. 1. Here, Pichardo testified that she did not fill out the application herself, that she could not afford to hire counsel, and that the friend who completed the application for her spoke little English. Her testimony is corroborated by the record. Thus, not much weight should be placed on Pichardo's answer to one question on the 1987 form.
 Second, the immigration judge does not explain why Pichardo's failure to mark the correct box to one question in 1987 should be given controlling weight in view of her corroborating evidence. See Hartooni, 21 F.3d at 342 n. 1 (stating that "the ILJ's [immigration law judge's] opinion fails to explain why the failure of the child to check the appropriate box is given any weight at all in view of the overwhelming evidence, including the Human Rights Letter, corroborating her claims"). Here, the immigration judge erroneously dismissed crucial corroborating evidence--the affidavit of Manuel Salvador Jarquin, Secretary of the Department Directive, Conservative Party of Nicaragua, submitted by Pichardo to substantiate her claim that she was persecuted on account of her political activities. The immigration judge treated the affidavit as irrelevant because Pichardo did not establish whether the Conservative Party was part of the opposition to the Sandinistas at the time of her hearing before the immigration judge. In this, he erred. The affidavit was clearly relevant to show that Pichardo's claims were credible.
 Because the immigration judge neither made a specific finding that Pichardo's testimony was not credible nor offered a "specific, cogent reason for any stated disbelief," Hartooni, 21 F.3d at 342, we conclude that he erred in discounting Pichardo's testimony. In light of Pichardo's uncontroverted testimony that she had suffered persecution on account of her political beliefs, we hold that the immigration judge also erred in concluding that she had not suffered persecution. See Bolanos-Hernandez v. INS, 767 F.2d 1277, 1285 (9th Cir.1985) (holding that applicant's uncorroborated testimony, if unrefuted and credible, is sufficient to establish fact that threat was made).
 Because Pichardo has established that she suffered past persecution, she is entitled under Matter of Chen, Int.Dec. 3104 (BIA 1989) to the benefit of a legal presumption that she has reason to fear future persecution. That decision, which was handed down before the immigration judge issued his decision in the case, states, "Thus a rebuttable presumption arises that an alien who has been persecuted in the past by his country's government has reason to fear similar persecution in the future." Id. at 4.[2] While the immigration judge did take judicial notice that the Sandinistas "no longer control[ ] the Nicaraguan government," he did not acknowledge the presumption of future persecution, let alone purport to rebut it.[3] Although we could conclude that it is now too late to rebut the presumption and that Pichardo has therefore established eligibility for asylum, we believe the appropriate course of action is to remand this case so that the immigration judge may address the presumption that he failed to consider. Thus, instead of holding that the presumption is now irrebuttable, we conclude that the immigration judge committed reversible error by failing to consider it.[4] Accordingly, we vacate the BIA's decision and remand this case to the BIA with directions that it be remanded to the IJ so he can decide whether Pichardo is eligible for asylum, and if so whether to exercise his discretion to grant such relief.[5]
 VACATED and REMANDED.
 
 
 
 *
 The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Because the BIA expressly adopted the immigration judge's decision and reasoning in its own abbreviated opinion, it is the Immigration Judge's opinion that we review. Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995)
 
 
 [2]
 That presumption was codified in the 1990 asylum regulations. See 8 C.F.R. § 208.13(b)(1)(i). Those new regulations may not apply to Pichardo because she filed her asylum application before October 1, 1990, see 8 C.F.R. § 208.1(a), but Matter of Chen does apply and was binding on both the immigration judge and BIA
 If the presumption established by Matter of Chen is rebutted, the petitioner is not eligible for asylum on the basis of past persecution alone unless that persecution was so atrocious that there are strong humanitarian reasons for awarding asylum. Matter of Chen, Int.Dec. 3104 at 5.
 
 
 [3]
 The judge said that there was no evidence in the record before him to show that Pichardo's life would be in danger if she returned to Nicaragua. He did not say, however, that there was sufficient evidence in the record to rebut the legal presumption of future persecution. As Pichardo noted, even after the change in government, the Sandinistas retained considerable power because they maintained control of the army, the police, and many of the nation's labor unions. The immigration judge correctly noted that the "Sandinista Party no longer governs Nicaragua," but did not address the alleged, vast power the party retained under the new government
 
 
 [4]
 On appeal, the government argues that an ambiguous paragraph in the immigration judge's oral decision shows that the immigration judge concluded that even if Pichardo were eligible for asylum on the basis of past persecution, the immigration judge would have exercised his discretion to deny Pichardo a grant of asylum. We believe that the government misinterprets that passage, which rather indicates that the immigration judge concluded that even if Pichardo had suffered past persecution, in his opinion she was not eligible for asylum under Matter of Chen, Int.Dec. 3104 (BIA 1989). In any case, even assuming that the government's argument on appeal is correct, we would still vacate the BIA's decision and remand the case. Even under the government's interpretation, the immigration judge committed a reversible legal error by failing to consider a legally mandated presumption, for in exercising his discretion, the immigration judge assumed Pichardo had established past persecution alone, not both past persecution and a well founded fear of persecution. See, e.g., Kotasz v. INS, 31 F.3d 847, 849 (9th Cir.1994) (vacating an order denying asylum and remanding the case because the BIA committed a legal error in denying an asylum request); see also Yepes-Prado v. INS, 10 F.3d 1363, 1366 (1993) (an error of law constitutes an abuse of discretion), citing Cooter & Gell v. Hartmax Corp., 496 U.S. 384, 405 (1990); Castro-O'Ryan v. INS, 847 F.2d 1307, 1314 (9th Cir.1988) (saying that application of the wrong legal standard constitute an abuse of discretion)
 
 
 [5]
 On remand, the immigration judge must also determine whether Pichardo qualifies for withholding of deportation. It is not clear whether the presumption that the BIA formally established in Matter of Chen would, if unrefuted, entitle a petitioner to withholding of deportation or if it would only establish eligibility for asylum. The new asylum regulations that codify Matter of Chen state that two presumptions ensue if the petitioner demonstrates past persecution. The first, if not rebutted, establishes eligibility for asylum. 8 C.F.R. § 208.13(b)(1)(i). The second, if not refuted, qualifies the petitioner for withholding of deportation. 8 C.F.R. § 208.16(b)(2). We believe the presumption established by Matter of Chen is relevant to both inquiries. We therefore vacate the denial of petitioner's request for withholding of deportation and remand the case so that the Immigration Judge may also reconsider Pichardo's request for withholding under the correct legal standard