**Lipoi ALAELUA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 93–70868.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 3, 1994.

Decided Jan. 30, 1995.

William D. Hoshijo, Honolulu, HI, for petitioner.

Robert Kendall, Jr., Office of Immigration Litigation, U.S. Dept. of Justice, Washington, DC, for respondent.

Before: BROWNING, TROTT and KLEINFELD, Circuit Judges.

KLEINFELD, Circuit Judge:

The only issue in this appeal is how we review a Board of Immigration Appeals affirmance which adopts the decision of the immigration judge, instead of articulating the Board's reasons in its own words.

## FACTS

Alaelua came to the United States from Western Samoa in 1978, when he was 21. He was admitted as a lawful permanent resident. In 1987, he was convicted of selling heroin five times on five separate dates during May of 1986. Despite the apparent seriousness of the conviction, he was sentenced only to probation and restitution of $880, the money which the undercover agent paid him for the narcotics. After this criminal conviction, he was ordered to show cause why he should not be deported. He conceded deportability, and applied for section 212(c) relief under 8 U.S.C. § 1182(c).

The Immigration Judge (IJ) who heard the evidence carefully recited the factors bearing upon this discretionary decision, then explained orally why he thought the better exercise of discretion in this particular case was to deny relief. Here is the critical portion of his oral decision:

In regard to the adverse factors in this case, we note that the respondent, has been convicted of five felony counts of distributing a dangerous drug. Given the serious nature of these crimes, and their relative recency, it is necessary for the respondent to demonstrate unusual or out-

standing equities in order for a favorable exercise of discretion to be considered.

In his favor, the respondent has shown that he has resided in this country for some ten and a half years, and that such residence began when he was only 24 years old. Moreover, the record reflects that the respondent's immediate family resides in this country either as United States citizens or lawful permanent residents. Furthermore, the respondent has demonstrated that he is closely tied to his family, that he does provide financial support for his wife, two children, and his parents. The record further reflects that all would suffer emotional and financial hardship if the respondent were deported. Finally, we note that the respondent appears to have a history of gainful employment, and that [he] only had some four or five years of formal education. We consider his long residence and family ties to be outstanding equities.

Contrary to the respondent's assertions, however, we are not persuaded that he would face unusual or unique problems if he is deported to Western Samoa. The record reflects that the respondent is young, healthy, and employable. In addition, the respondent's wife testified that she would return to Western Samoa with him if he is ordered deported. She also has job skills. Moreover, we are not convinced that life in Western Samoa would be unusually harsh or that the respondent or his family would be deprived of any of the necessities [of] life. With respect to the alleged financial hardship to the respondent's parents, we note that many of his siblings reside in the United States and should be able to provide adequate support for the respondent's parents.

Therefore, even considering the outstanding equities which the respondent has been able to establish, we do not find that granting relief is warranted or in the best interests of this country. In reaching this conclusion, we have evaluated the respondent's equities against the serious adverse factors present in his case, which involve the distribution of drugs. While his deportation will undoubtedly involve some hardship to himself and to his wife and children

and certainly much unhappiness for the entire family, we are satisfied that the respondent will make the adjustment well. Accordingly, the respondent's application for a waiver will be denied, and the following order will be entered.

On review, the Board of Immigration Appeals (BIA) adopted the decision of the IJ. The BIA did not write its own decision analyzing the relevant factors. In a one paragraph opinion, the BIA said that it had reviewed the record, as well as the IJ's decision. It took special note of how comprehensive and well reasoned the IJ's decision was, and affirmed based on his reasons:

> We have reviewed the record of [the] proceedings, the immigration judge's decision, and the contentions of both parties on appeal. As we find that the immigration judge adequately and correctly addressed the issues raised on appeal, his comprehensive and well-reasoned decision is affirmed based upon and for the reasons set forth in that decision.

## ANALYSIS

■ Alaelua petitioned this court for review pursuant to 8 U.S.C. § 1105a. *See Tapia–Acuna v. INS,* 640 F.2d 223, 223 (9th Cir.1981). We review only for abuse of discretion, not *de novo. Vargas v. INS,* 831 F.2d 906, 908 (9th Cir.1987). Alaelua argues that the BIA's failure to discuss in its own written decision all favorable factors constitutes an abuse of discretion. He correctly points out that the BIA decision "must show that the BIA weighed both favorable and unfavorable factors," and that the BIA must "state its reasons and show proper consideration of all factors when weighing equities and denying relief." *Mattis v. INS,* 774 F.2d 965, 968 (9th Cir.1985). But he errs in arguing that an opinion of the BIA fails this standard if it adopts the decision of the IJ instead of discussing the favorable factors in its own words.

The BIA argues that when "the Board explicitly states that it is adopting the reasons and the conclusions of the IJ, and not substituting its judgment for that of the IJ, it is the IJ's opinion that serves as the Board's

articulation and is held to the abuse of discretion standard," citing *Yepes–Prado v. INS,* 10 F.3d 1363, 1367 (9th Cir.1993). The argument is correct, but the citation is not dispositive. We publish today to make it clear that the BIA can adopt the IJ's decision. If it is clear to us that it gave individualized consideration to the particular case, but chose to use the IJ's words rather than its own, this is sufficient. *See, e.g., Castaneda–Suarez v. INS,* 993 F.2d 142, 146 (7th Cir.1993) ("[W]e find that the Board adequately explained its decision by adopting the reasoning of the IJ . . . the IJ's explanation for denying the [motion] was clearly spelled out in his decision."). The IJ's analysis was careful and thorough, so the BIA saw no reason to say the same thing in its own words; it just incorporated his words. The BIA may incorporate the IJ's opinion if the BIA opinion makes it clear it is doing so. When the BIA clearly incorporates the IJ's opinion, as it did in this case, then under *Yepes–Prado,* we treat the IJ's statement of reasons as the BIA's and review the IJ's decision for abuse of discretion.

■ In *Yepes–Prado,* the BIA did not review the IJ's decision *de novo;* it reviewed only for abuse of discretion. We held that where the BIA so reviews the IJ's decision regarding 212(c) relief, we review the decision of the IJ, not the BIA, for abuse of discretion. *Yepes–Prado,* 10 F.3d at 1366–67. The importance of this is that sometimes the IJ gives significant weight to a factor that is not "grounded in legitimate concerns about the administration of the immigration laws." *INS v. Rios–Pineda,* 471 U.S. 444, 451–52, 105 S.Ct. 2098, 2102–03, 85 L.Ed.2d 452 (1985). This was the situation in *Yepes–Prado.* If, however, the BIA reviews *de novo,* and does not consider the inappropriate factor, then our review is limited to the BIA's exercise of discretion. *See Castillo v. INS,* 951 F.2d 1117, 1120–21 (9th Cir.1991); *Castillo–Villagra v. INS,* 972 F.2d 1017, 1022–23 (9th Cir.1992). In *Yepes–Prado* the limited extent of BIA review gave us the authority to look past the BIA decision to the IJ decision. *Yepes–Prado,* 10 F.3d at 1366–67.

In the case at bar, the BIA plainly reviewed *de novo.* The BIA opinion says that it reviewed the record of the proceeding. The BIA made an independent decision that the IJ adequately and correctly addressed the issues. A footnote to the BIA decision intimates that the IJ may have used an inappropriate threshold requirement of outstanding equities for aliens with criminal convictions, but "[i]n the context of the case presently before us, the ultimate decision remains the same." This shows that the BIA independently considered the case without the threshold requirement. The BIA then "affirmed based upon and for the reasons set forth in" the IJ's oral decision.

■ The BIA's review here differed from a determination that an IJ did not abuse his or her discretion. A decision may be affirmed under an abuse of discretion standard where the reviewing tribunal would not reach the same result, but nevertheless concludes that the result was within the range of permissible discretion. Here, the BIA reviewed the evidence, applied a slightly different standard from the IJ, but reached the same conclusion for the same reasons.

The adoption of a lower tribunal's reasons is a valid practice on review. 5 C.J.S. *Appeal & Error* § 898 (1990). We do this. *See, e.g., Cappa v. Wiseman,* 659 F.2d 957, 960 (9th Cir.1981); *United States v. Corbin Farm Svc.,* 578 F.2d 259, 260 (9th Cir.1978); *San Manuel Copper Corp. v. Brian Jackson Assoc.,* 384 F.2d 487, 487 (9th Cir.1967). Tribunals conducting hearings and trials have different functions from appellate tribunals, and typically write differently to perform those functions. On the other hand, an oral decision, such as the IJ's in this case, has the virtue that it reflects the actual decisionmaker's mind at work. An oral decision made in public cannot be the result of a decision-maker choosing a result and directing a staff attorney to justify that result in a written opinion.

■ Once we look to the IJ decision in this case, the case is over. The petition for review does not argue that the IJ's decision failed to meet the *Mattis* requirement that its "stated reasons evidence its consideration of all relevant factors." *Mattis,* 774 F.2d at

967. The IJ's decision demonstrates careful and proper consideration of all relevant factors.

**PETITION DENIED.**