57 F.3d 1076
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Mohammed Tawfik ALKHASAWNEH, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70141.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1995.*
Decided June 8, 1995.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, No. Aye-noc-uky.
 BIA
 PETITION DENIED.
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mohammed Tawfik Alkhasawneh, a native and citizen of Jordan, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the immigration judge's ("IJ") finding of his deportability based on his entering into a fraudulent marriage.
 
 
 3
 On petition for review, Alkhasawneh contends that the BIA erred by affirming the IJ's decision because substantial evidence did not support the IJ's finding. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a), and we deny the petition for review.
 
 
 4
 * Background
 
 
 5
 In May 1982, Alkhasawneh was admitted to the United States as a non-immigrant student. In May 1986, he discontinued his studies, but remained in the United States.
 
 
 6
 On February 13, 1989, Alkhasawneh married Julie Baker, a United States citizen. Based on this marriage, his status was adjusted to that of a conditional permanent resident. Subsequently, while in the process of obtaining a divorce,[1] Alkhasawneh filed an application with the Immigration and Naturalization Service ("INS") to waive the requirement that a joint petition be filed to remove the conditional basis for his permanent residence status. On February 24, 1992, the INS District Director denied Alkhasawneh's waiver application and revoked his conditional permanent resident status on the ground that his marriage to Baker was not entered into in good faith.
 
 
 7
 On March 6, 1992, the INS issued Alkhasawneh an order to show cause ("OSC"), charging him with being a deportable alien pursuant to section 241(a)(1)(D) of the Immigration and Nationality Act ("INA"), 8 U.S.C. Sec. 1251(a)(1)(D), because his conditional resident status had been revoked. Alkhasawneh conceded deportability, but applied for, inter alia, a waiver pursuant to INA Sec. 216(c)(4)(B), 8 U.S.C. Sec. 1186a(c)(4)(B), which allows the Attorney General to remove the conditional basis of the permanent resident status for an alien who demonstrates, inter alia, that the qualifying marriage was entered into in good faith. See 8 U.S.C. Sec. 1186a(c)(4)(B).
 
 
 8
 On January 14, 1993, a hearing was held on Alkhasawneh's waiver application. At the hearing, the focus of which was whether Alkhasawneh's marriage had been entered into in good faith, Alkhasawneh's ex-wife, Baker, testified that a mutual friend, Sweedan, arranged for her to marry Alkhasawneh for $3,000, a car, and the promise of a few months' free rent. She further testified that she was given $1200 to open a joint bank account to make the marriage appear valid, but the account was understood to be hers and was only used by her. She also testified that she did not accompany Alkhasawneh to Jordan to visit his family, in 1990, even though they had just been married. Finally, she testified that when she married Alkhasawneh she had no intention of remaining together with him as man and wife.
 
 
 9
 In rebuttal, Alkhasawneh and Alkhasawneh's witness, Debbie Day, testified that the marriage was genuine. After hearing the testimony, the IJ found that Baker's testimony was credible while Alkhasawneh's and Day's was false, denied Alkhasawneh's waiver application, and ordered him deported.
 
 
 10
 On February 22, 1994, the BIA issued an order affirming the IJ's decision, stating that the IJ's credibility findings, and thus the IJ's decision, were supported by the record.
 
 II
 The Scope and Standard of Review
 
 11
 Where the BIA does not perform an independent review of the IJ's decision and instead defers to the IJ's exercise of her discretion, it is the IJ's decision that we review. Campos-Granillo v. INS, 12 F.3d 849, 852 (9th Cir.1993); Yepes-Prado v. INS, 10 F.3d 1363, 1366-67 (9th Cir.1993). In this case, the BIA deferred to the IJ's credibility determinations, which it found were supported by the record. Thus, we review the IJ's decision. Id.[2]
 
 
 12
 We review a finding of fact to see if it is supported by substantial evidence. INS v. Elias-Zacarias, 502 U.S. 478, 481-82 (1992). In addition, the IJ's determination of a witness's credibility is entitled to substantial weight. Gonzalez-Rivera v. INS, 22 F.3d 1441, 1445 (9th Cir.1994); Turcios v. INS, 821 F.2d 1396, 1399 (9th Cir.1987).
 
 III
 Merits
 
 13
 Alkhasawneh contends that the IJ's finding that he entered into a fraudulent marriage is not supported by substantial evidence. This contention lacks merit.
 
 
 14
 A trier of fact who rejects a witness's testimony because it lacks credibility should offer "a specific, cogent reason for his disbelief." Turcios, 821 F.2d at 1399 (internal quotations omitted). Here, the IJ has provided such reasons for his finding that Alkhasawneh's, as well as Day's, testimony regarding the genuineness of his marriage was not credible: (1) Baker's conflicting testimony was credible; (2) no mutual friends attended the wedding ceremony; (3) Alkhasawneh did not take Baker with him to Jordan to meet his family; (4) they owned no joint property; and (5) Alkhasawneh's failure to produce Sweedan, or identify his current address or phone number, despite his longstanding friendship with Sweedan, and despite Baker's allegation that Sweedan had arranged the fraudulent marriage. Accordingly, the IJ's finding that Alkhasawneh's and Day's testimony was not credible, to which we accord substantial weight, Gonzalez-Rivera, 22 F.3d at 1445; Turcois, 821 F.2d at 1399, and that, consequently, Alkhasawneh entered into a fraudulent marriage is supported by substantial evidence in the record. Elias-Zacarias, 502 U.S. at 481-82.
 
 
 15
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Alkhasawneh and Baker were legally divorced on November 10, 1992
 
 
 [2]
 Alkhasawneh contends that the BIA erred in affirming the IJ's decision because it did not articulate the specific instances of Alkhasawneh's alleged false testimony which served as the basis of the IJ's decision. This contention lacks merit
 "The BIA may incorporate the IJ's opinion if the BIA opinion makes it clear it is doing so." See Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995). "The adoption of a lower tribunal's reasons is a valid practice on review." Id. Here, the BIA expressly stated that it was affirming the IJ's decision based on the reasons supplied by the IJ. It was not required, in such instance, to articulate the specific instances of Alkhasawneh's alleged false testimony which served as he basis of the IJ's decision.