73 F.3d 370
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Zaka ULLAH, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70477.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1995.*
Decided Dec. 29, 1995.
 
 Before: SNEED, TROTT, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Zaka Ullah, a native and citizen of Pakistan, petitions for review of the Board of Immigration Appeals ("BIA") dismissal of his appeal from a decision of an immigration judge ("IJ") denying Ullah's application for asylum and withholding of deportation pursuant to 8 U.S.C. Secs. 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a), and we grant the petition and remand to the BIA to explain its decision.
 
 
 3
 * Background
 
 
 4
 Ullah sought asylum and withholding of deportation on the grounds that he had been persecuted by Pakistani authorities because of his affiliation with the Muslim Student Federation ("MSF"). Ullah testified that he had been detained, beaten and tortured on several occasions prior to leaving Pakistan. The IJ found that Ullah's testimony lacked credibility because, among other things, he lacked documentary evidence of his membership with the MSF, he had failed to specify the dates on which the alleged tortures occurred, and he gave conflicting accounts about whether his father was deceased or alive.
 
 
 5
 The BIA affirmed the decision of the IJ on the basis that Ullah had failed to meet his burden of showing that the IJ's credibility findings were incorrect. The BIA consequently deferred to the IJ's adverse findings and determined that, because Ullah's testimony was not credible, he had failed to establish a well-founded fear of persecution.
 
 II
 Merits
 
 6
 "We review the factual findings underlying the BIA's denial of asylum under the substantial evidence test." Castillo v. INS, 951 F.2d 1117, 1120 (9th Cir.1991). "This court's review is limited to the BIA's decision and thus we may not rely on the IJ's opinion in deciding the merits of [Ullah's] case."[1] Id. The BIA must "state its reasons for its decision and demonstrate that it considered all appropriate factors." Paredes-Urrestarazu v. INS, 36 F.3d 801, 807 (9th Cir.1994). Thus, for this court to conduct a proper review, the BIA's opinion "must state with sufficient particularity and clarity the reasons for denial of asylum." Castillo, 951 F.2d at 1121.
 
 
 7
 Contrary to the government's assertion, we conclude that Ullah sufficiently raised the issue of credibility in his appeal to the BIA. See Aguilera-Cota, 914 F.2d 1375, 1383 n. 8 (9th Cir.1990) (noting that petitioner sufficiently raised credibility issue to BIA when he challenged the IJ's conclusion that his testimony failed to establish a claim for relief).
 
 
 8
 We are unable to determine, however, that the BIA conducted an adequate review of Ullah's case. By determining only that Ullah had failed to meet his burden of proof and then deferring to the IJ's findings, the BIA failed to sufficiently state the reasons for its decision or to demonstrate that "it considered all appropriate factors" in considering Ullah's application. See Paredes-Urrestarazu, 36 F.3d at 807. Thus, in determining that Ullah did not qualify for asylum or withholding of deportation, the BIA set out only general legal standards which failed to provide any evidence of an individualized review of Ullah's contentions and circumstances. See Castillo, 951 F.2d at 1121 (rejecting "[b]oilerplate opinions" which set out general legal standards devoid of any evidence of individualized review).
 
 
 9
 Accordingly, because the BIA's opinion lacks an adequate statement of the BIA's reasons for denying Ullah relief, we remand for the BIA to show that its decision is supported by substantial evidence. Id.
 
 
 10
 PETITION GRANTED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The government asserts, and we agree, that this is not a situation in which the BIA "clearly adopt[ed] the IJ's reasoning." See Tukhowinich v. INS, 64 F.3d 460, 464 (9th Cir.1995) (citing Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995))