83 F.3d 427
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gabriel GRIGORE, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70319.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 12, 1996.*
Decided April 16, 1996.
 
 1
 Before: SCHROEDER and LEAVY, Circuit Judges, and TRIMBLE,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Gabriel Grigore, a native and citizen of Romania, petitions for review of the decision of the Board of Immigration Appeals (BIA) affirming an immigration judge's denial of his requests for asylum and withholding of deportation. We have jurisdiction over this timely petition pursuant to 8 U.S.C. § 1105a(a). The petition is denied.
 
 
 4
 To be eligible for asylum, Grigore had to prove he was a refugee within the meaning of 8 U.S.C. § 1101(a)(42)(A). 8 C.F.R. § 208.13. The BIA determined that Grigore failed to carry his burden. We may reverse the BIA's determination only if Grigore shows the evidence he presented was "so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992).
 
 
 5
 Grigore argues that the BIA failed to state adequate reasons for its denial of his request. The BIA, in a one paragraph opinion, stated that it had reviewed the record and the immigration judge's (IJ) decision and affirmed based on the IJ's "comprehensive and well reasoned" decision. While the BIA's decision "must state its reasons and show proper consideration of all factors," the BIA does not fail "this standard if it adopts the decision of the IJ." Alaelua v. INS, 45 F.3d 1379, 1381 (9th Cir.1995). "If it is clear to us that [the BIA] gave individualized consideration to the particular case, but chose to use the IJ's words rather than its own, this is sufficient." Id. at 1382. Here, the BIA reached an independent decision based on its de novo review of the record and the IJ's decision. This is adequate.
 
 
 6
 Grigore argues that his testimony before the IJ demonstrated a well-founded fear of persecution. Grigore testified that, before the overthrow of Ceausescu in 1989, he made attempts to leave Romania and was apprehended, beaten, imprisoned and interrogated. After the overthrow, he became an active member of the National Liberal Party, one of approximately 50 political parties active in Romania. In August 1991, while waiting with two friends for a train to Hungary to visit his girlfriend, Grigore came upon a fight between Petre Fontu and Patru Dragos. Fontu, a leader in the Romanian Hearth Party, died sometime after the fight. Dragos was arrested on the following day. When Grigore and his two friends returned from Hungary they were arrested for complicity in Fontu's murder. They were accused of having gone to Hungary on behalf of the National Liberal Party and another party, the Union Democrat Magyar of Romania, in order to receive money for Fontu's murder.
 
 
 7
 On August 22, 1991, Grigore and his friends were taken to Bucharest for further questioning and a hearing. They were released on September 1, 1991, but forbade to travel outside their local community. Dragos received a six year prison sentence. Grigore was advised by his lawyer that there was a chance he would be rearrested and that Fontu had "influential friends" who might try to harm him for his alleged involvement in Fontu's death. Fearing retribution, Grigore fled Romania on September 25, 1991, using a friend's passport.
 
 
 8
 The immigration judge (IJ) found Grigore's testimony that he feared persecution not credible. The IJ gave "specific, cogent reasons" for this finding. Turcios v. INS, 821 F.2d 1396, 1399 (9th Cir.1987). First, Grigore was released after his arrest. Second, Grigore's friends, who had no history of political involvement, were also arrested upon their return from Hungary. Third, Grigore had not suffered any previous persecution because of his active membership in the National Liberal Party. Finally, the IJ found that any future prosecution of Grigore for violating the conditions of his release or use of a false passport would not constitute persecution under Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992). Thus, the IJ properly found that Grigore failed to demonstrate a well-founded fear of persecution and did not abuse his discretion in denying Grigore's request for asylum.
 
 
 9
 Because the BIA properly determined that Grigore is ineligible for asylum, he is also not entitled to withholding of deportation. Berroteran-Melendez v. INS, 955 F.2d 1251, 1258 (9th Cir.1992).
 
 
 10
 The petition is DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable James T. Trimble, Jr., United States District Judge for the Western District of Louisiana, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3