86 F.3d 1163
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Zoila Rosa RUIZ; Erick Jose Rosales-Ruiz; Yader Alezander
Rosales-Ruiz, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70826.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 10, 1996.*
Decided May 17, 1996.
 
 1
 Before: NORRIS and WIGGINS, Circuit Judges, JONES,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Zoila Rosa Ruiz ("petitioner") and her two minor-age sons, Yader Alezander Rosales-Ruiz and Erick Jose Rosales-Ruiz, are natives and citizens of Nicaragua.[1] She petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of her appeal of the Immigration Judge's ("IJ") denial of her application for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 DISCUSSION
 I. STANDARD OF REVIEW
 
 4
 We review the BIA's denial of asylum for abuse of discretion. Ramos-Vasquez v. INS, 57 F.3d 857, 861 (9th Cir.1995). The BIA's denial of asylum must be upheld if "supported by reasonable, substantial, and probative evidence on the record considered as a whole." 8 U.S.C. § 1105a(a)(4); INS v. Elias-Zacarias, 502 U.S. 478, 481, 112 S.Ct. 812, 815 (1992). Factual findings underlying the decision are reviewed for substantial evidence. Ghaly v. INS, 58 F.3d 1425, 1431 (9th Cir.1995). This review is extremely deferential, and petitioner "must demonstrate 'that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution.' " Id. (quoting Elias-Zacarias, 502 U.S. at 483, 112 S.Ct. at 816). We also review the BIA's decision to deny the withholding of deportation for substantial evidence. Berroteran-Melendez v. INS, 955 F.2d 1251, 1255 (9th Cir.1992).
 
 II. SCOPE OF REVIEW
 
 5
 The BIA reviewed the IJ's decision de novo, and affirmed that decision "based upon and for the reasons set forth therein." We therefore "treat the IJ's statement of reasons as the BIA's and review the IJ's decision for abuse of discretion." Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995).[2]
 
 III. DENIAL OF APPLICATION FOR ASYLUM
 
 6
 Under 8 U.S.C. § 1158(a), the Attorney General has discretion to grant political asylum to any alien she determines to be a "refugee" under 8 U.S.C. § 1101(a)(42)(A). A "refugee" is defined as any alien "who is unable or unwilling to return to ... [her native] country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (emphasis added).
 
 
 7
 Petitioner testified in support of her family's application. Neither the IJ nor the BIA questioned petitioner's credibility. Thus, we accept the truth of her testimony and examine only whether it is sufficient to establish statutory grounds for asylum. Prasad v. INS, 47 F.3d 336, 339 (9th Cir.1995). We conclude that petitioner's allegations, considered together, do not demonstrate past persecution or a well-founded fear of future persecution to warrant asylum relief. We will discuss petitioner's allegations in turn.
 
 
 8
 First, petitioner's refusal to work at the Nicaraguan/Honduran border was based on her desire not to be separated from her children, rather than a disagreement with the Sandinistas' politics. Her belief that she was given this assignment because of her refusal to join the Sandinista union is unsubstantiated speculation in light of the hospital's policy of routinely assigning nurses to work in different locations depending on the need for medical care. See Ubau-Marenco v. INS, 67 F.3d 750, 755 (9th Cir.1995) (undesirable and demeaning assignments do not constitute persecution), vacated on other grounds, Fisher v. INS, 79 F.3d 955, 963 (9th Cir.1996).
 
 
 9
 Second, petitioner's loss of her food ration coupon or alleged inability to obtain a business license do not substantiate her claim of persecution. See Sballo-Cortez v. INS, 761 F.2d 1259, 1264 (9th Cir.1985) (denial of "such perquisites as discounts on food and a special work permit" is not persecution); Raass v. INS, 692 F.2d 596 (9th Cir.1982) (asylum relief requires a showing of more than generalized economic disadvantage). Moreover, there is no evidence that petitioner was unable to find any other nursing position or obtain a business license because she never applied for another nursing position or a business license. Even if she could not have obtained another nursing job or a business license, petitioner has not shown that she was unable to obtain any reasonably comparable employment. We conclude that she has not established that she suffered substantial economic disadvantage. See Kovac v. INS, 407 F.2d 102, 107 (9th Cir.1969). Cf. Desir v. Ilchert, 840 F.2d 723, 727 (9th Cir.1988) (persecution shown where alien's ability to earn livelihood was severely impaired by threats and attempts on his life).
 
 
 10
 Third, petitioner has not shown how the surveillance and search of her home for her husband in 1983 and 1988, and the disappearance and death of her nephew after he came to live with her in 1986, constitute a pattern of persecution tied to her. See Prasad, 47 F.3d at 340 ("[A]ttacks on family members do not necessarily establish a well-founded fear of persecution absent a pattern of persecution tied to the petitioner[ ]."); Arriaga-Barrientos v. INS, 937 F.2d 411, 414 (9th Cir.1991) (allegations of isolated violence are not enough to establish persecution) (citation omitted). Cf. Ramirez Rivas v. INS, 899 F.2d 864, 865-66 (9th Cir.1990) (sizeable family whose extraordinary level of anti-Sandinista activity subjected politically inactive kindred to a likelihood of persecution).
 
 
 11
 Fourth, because the "death threat" regarding her anti-Sandinista activities was anonymous, it cannot be the basis of a finding of past persecution or a well-founded fear of future persecution. See Diaz-Escobar v. INS, 782 F.2d 1488, 1493 (9th Cir.1986) ("The source of the threat was left wholly to speculation" ... [and therefore] "does not establish a reasonable expectation of persecution.").
 
 
 12
 Lastly, the two instances where counter-revolutionary slogans were painted on petitioner's house do not amount to evidence of past persecution that is " 'so compelling that no reasonable factfinder could fail to find the requisite fear of persecution.' " Ghaly, 58 F.3d at 1431. Aside from the anonymous note that the petitioner received in early 1989, she did not experience any harassment, let alone persecution, after the vandalism to her house in November 1988. See Rodriguez-Rivera v. INS, 848 F.2d 998, 1006 (9th Cir.1988) (insufficient objective indication of well-founded fear where applicant had lived undisturbed for two months before leaving country). Although a reasonable factfinder could have found these incidents of vandalism combined with petitioner's Confederation for Trade Union Unification activities and search of her house sufficient to establish past persecution or a well-founded fear, we cannot conclude that a reasonable factfinder would be compelled to do so. Prasad, 47 F.3d at 340.
 
 
 13
 Petitioner's well-founded fear argument is further undermined by the democratic election of a new government in April 1990. See Kazlauskas v. INS, 46 F.3d 902, 906 n. 3 (9th Cir.1995) (fundamental political changes are highly relevant to the likelihood of future persecution). Petitioner's assertion that the Sandinistas still control Nicaragua is insufficient to show that she would be subject to a "particularized threat of persecution" apart from the general population. See Kotasz v. INS, 31 F.3d 847, 854 (9th Cir.1994). Petitioner's ability to obtain a passport to leave Nicaragua "cuts against [her] argument that [s]he will be individually persecuted upon return." See Espinoza-Martinez v. INS, 754 F.2d 1536, 1540 (9th Cir.1985); Rodriguez-Rivera, 848 F.2d 998 at 1006; Sballo-Cortez, 761 F.2d at 1264. Furthermore, petitioner's fear of retaliation for leaving Nicaragua and, more particularly, fear that she would be killed like her nephew upon her return are based on speculation. Her testimony does not contain any specific facts regarding her fear and therefore does not constitute objective evidence in support of a well-founded fear. See Ghaly, 58 F.3d at 1428 (objective element of a well-founded fear "requires a showing by credible, direct, and specific evidence in the record, of facts that would support a reasonable fear of persecution").
 
 
 14
 IV. DENIAL OF APPLICATION FOR WITHHOLDING OF DEPORTATION
 
 
 15
 Because petitioner does not meet the lower standard under 8 U.S.C. § 1158(a), she necessarily has failed to show a clear probability of persecution to warrant relief under section 1253(h). Ghaly, 58 F.3d at 1429.
 
 CONCLUSION
 
 16
 For the foregoing reasons, we DENY the petition for review of the BIA's decision.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 Hon. Napoleon A. Jones, Jr., United States District Judge for the Southern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Petitioner's sons request relief under section 208(c) of the Immigration and Naturalization Act, 8 U.S.C. § 1185(c), which provides that children of an alien eligible for asylum may be granted the same relief as the alien. Therefore, our discussion of the merits of petitioner's arguments applies also to her sons
 
 
 [2]
 Petitioner did not raise on appeal to this court the BIA's rejection of her argument that the IJ improperly took administrative notice of the change in government in Nicaragua