104 F.3d 365
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Douglas Renee CRUZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70908.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1996.*
Decided Dec. 20, 1996.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, INS No. Aix-soi-pzq.
 BIA
 REVIEW DENIED.
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Douglas Renee Cruz, a native and citizen of El Salvador, petitions pro se for review of the decision of the Board of Immigration Appeals ("BIA") affirming the order of an immigration judge ("IJ"), denying his request for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 3
 Because the BIA clearly incorporated the IJ's decision, "we treat the IJ's statement of reasons as the BIA's and review the IJ's decision." Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995). "The factual findings underlying the decision are reviewed for substantial evidence, and the IJ's determination should not be reversed absent compelling evidence of persecution." Kazlauskas v. INS, 46 F.3d 902, 905 (9th Cir.1995).
 
 
 4
 Cruz contends that substantial evidence does not support the IJ's determination that he failed to establish a well-founded fear of persecution. This contention lacks merit.
 
 
 5
 To establish eligibility for asylum based on a well-founded fear of persecution, an asylum applicant must show both a genuine subjective fear of persecution and an objectively reasonable fear. Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). The burden is on the applicant to meet this standard. Id. The objective component requires a showing by "credible, direct, and specific evidence" of facts showing a reasonable fear of persecution on account of one of the enumerated grounds. Rodriguez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir.1988) (per curiam).
 
 
 6
 Here, substantial evidence supports the IJ's determination that Cruz failed to establish his eligibility for asylum. Although Cruz's testimony may have established that he genuinely fears persecution if returned to El Salvador, see Cuadras v. INS, 910 F.2d 567, 571 (9th Cir.1990), he adduced no evidence to support an objective well-founded fear of persecution, see Rodriguez-Rivera, 848 F.2d at 1002.[1]
 
 
 7
 Cruz was never detained, jailed or physically harmed. See Saballo-Cortez v. INS, 761 F.2d 1259, 1265 (9th Cir.1985). In 1989, while Cruz was working for the civil patrols, he was asked to join the guerrillas, and refused. Cruz left El Salvador in 1990. Cruz acknowledged that a 1992 peace agreement signaled the cessation of hostilities between the guerrillas and the Salvadoran government. Even if Cruz is correct in asserting that he would face persecution by the guerrillas upon his return, he has failed to show that this persecution would be based upon an enumerated ground because he has not shown that his refusal to join the guerrillas has been interpreted as a political expression. See Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992).
 
 
 8
 In light of the record, we conclude that no reasonable factfinder would be compelled to conclude that Cruz possessed a well-founded fear of persecution. See Kazlauskas, 46 F.3d at 905. Finally, because the standard for withholding of deportation is higher than the standard for asylum, we affirm the denial of withholding of deportation. See Acewicz, 984 F.2d at 1062.
 
 
 9
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The IJ found that Cruz did not have a subjectively genuine fear of persecution