112 F.3d 516
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rafael HURTADO-OJEDA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70839.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 25, 1997.
 
 Before: BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rafael Hurtado-Ojeda, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming an Immigration Judge's ("IJ") denial of his application for discretionary relief from deportation under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a) and deny the petition for review.
 
 
 3
 When the BIA bases its decision on the reasons set out in the IJ's decision, we treat the IJ's statement of reasons as the BIA's and review the IJ's decision. See Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995). The balancing of equities for section 212(c) relief is reviewed for abuse of discretion. See Yepes-Prado v. INS, 10 F.3d 1363, 1366 (9th Cir.1993). In deciding whether an applicant merits relief under section 212(c), the IJ must take into account the social and humane considerations presented in the applicant's favor and balance them against the applicant's undesirability as a permanent resident. See id. at 1365-66.
 
 
 4
 Hurtado-Ojeda's contention that the BIA must conduct an independent analysis of the evidence lacks merit. "The BIA may incorporate the IJ's opinion if the BIA opinion makes it clear that it is doing so." See Alaelua, 45 F.3d at 1382. Here, the BIA clearly stated that it affirmed the IJ's decision for the reasons set out in the IJ's opinion, and for further reasons set out in the BIA's own opinion.
 
 
 5
 Hurtado-Ojeda's contention that the BIA erred when it failed to grant section 212(c) relief to Hurtado-Ojeda lacks merit. The BIA did not abuse its discretion in its balancing of the equities in Hurtado-Ojeda's case. See Yepes-Prado, 10 F.3d at 1366.
 
 
 6
 Finally, Hurtado-Ojeda's contention that the BIA improperly considered Hurtado-Ojeda's receipt of welfare assistance as a negative factor in the balancing of equities lacks merit. The BIA did not abuse its discretion by considering Hurtado-Ojeda's dependence on welfare assistance as one of many adverse factors showing Hurtado-Ojeda's undesirability as a permanent resident. See id. at 1365-66.
 
 
 7
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3