141 F.3d 1179
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sextil Andrei SASU; Maria SASU; Raul Sasu, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 97-70668.
INS Nos. Asc-sdb-rrf, Aqx-wnp-pgl, Adu-czs-itj.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted March 10, 1998.**
Decided March 18, 1998.
 
 On Petition for Review of an Order of the Board of Immigration Appeals.
 Before FLETCHER, BEEZER, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Sextil Andrei Sasu, his wife, and their minor child, natives and citizens of Romania, petition for review of a decision by the Board of Immigration Appeals ("BIA") affirming the order of an Immigration Judge ("IJ") denying their applications for asylum and withholding of deportation.[1] We have jurisdiction pursuant to 8 U.S.C. § 1105a(a).[2] Where, as here, the BIA explicitly adopts the IJ's reasoning, we review the IJ's decision as if it were the BIA's. See Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995). We review the BIA's denial of asylum for substantial evidence, and will uphold the decision unless the evidence compels a contrary result. See Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). We deny the petition for review.
 
 
 3
 Sasu contends that the BIA improperly failed to articulate its reasons for denying Sasu's application for asylum and withholding of deportation. Because it is clear that the BIA "gave individualized consideration to [this] case, but chose to use the IJ's words rather than its own," the BIA's explicit adoption of the IJ's decision was proper. Alaelua 45 F.3d at 1382.
 
 
 4
 Sasu contends that the IJ and the Board erred by failing to consider certain exhibits he submitted in support of his application. Because the record shows that the IJ did consider these exhibits, and because the IJ need not specify what weight, if any, he assigned to each piece of evidence, this argument lacks merit. See Ghaly v. INS, 58 F.3d 1425, 1430 (9th Cir.1995).
 
 
 5
 Moreover, even taking Sasu's exhibits into account, the evidence did not compel a contrary result. See Acewicz, 984 F.2d at 1061. Accordingly, the BIA's decision was supported by substantial evidence. See id.
 
 
 6
 PETITION DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because the applications of Sasu's wife and minor child are derivative of his application, we address only his application
 
 
 [2]
 The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") repeals 8 U.S.C. § 1105a and replaces it with a new judicial review provision to be codified at 8 U.S.C. § 1252. See IIRIRA § 306(c)(1), Pub.L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996), as amended by Act of Oct. 11, 1996, Pub.L. No. 104-302, 110 Stat. 3656. However, because the new review provision does not apply to petitioners, whose deportation proceedings commenced before April 1, 1997, we continue to have jurisdiction over the instant petition under 8 U.S.C. § 1105a. See IIRIRA § 309(c)(1)