**Noemi ALVARADO–CHICAS, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 00–70289.
I & NS No. A72–015–128.

United States Court of Appeals, Ninth Circuit.

Submitted July 10, 2001.*

Decided July 19, 2001.

---

\* The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed. R.App. P. 34(a)(2).

Before CANBY, HAWKINS, and GOULD, Circuit Judges.

MEMORANDUM **

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

Noemi Alvarado–Chicas, a native and citizen of El Salvador, petitions for review of a decision by the Board of Immigration Appeals ("BIA") denying her relief from deportation. We conclude that Alvarado–Chicas failed to demonstrate her eligibility for asylum, and thus we deny her petition.

As a petitioner seeking to establish "persecution on account of ... political opinion," *see* 8 U.S.C. §§ 1101(a)(42)(A) & 1158(a), Alvarado–Chicas was required to prove that she held a political opinion (or that her persecutors believed she held a political opinion), and that she was persecuted because of it. *See Navas v. INS*, 217 F.3d 646, 656 (9th Cir.2000). Alvarado–Chicas failed to do this. Although she testified that she had been the victim of violence during three guerrilla offensives in El Salvador between late 1989 and early 1991, she failed to present any evidence that this violence was motivated by her political opinion, or that she even had a political opinion.

Alvarado–Chicas maintains that the guerrillas imputed a political opinion to her because she had a brother in the military, and because she resisted the guerrillas' recruitment efforts. There was, however, no evidence sufficient to compel a finding that the guerrillas even knew who her brother was, much less that they knew he was in the military. Furthermore, although Alvarado–Chicas resisted efforts to have her join the guerrillas, her cited reason was the need to care for her children, not a political reason that would have given the guerrillas reason to believe that her resistance was motivated by a political be-

lief. Because Alvarado–Chicas failed to demonstrate that she had a political opinion, or that the guerrillas believed she had one, she necessarily failed to show that she was persecuted "on account of" her beliefs.[1]

Alvarado–Chicas also failed to demonstrate an objectively reasonable fear of future persecution on account of a political opinion. *See Lim v. INS*, 224 F.3d 929, 934 (9th Cir.2000). The record indicates that the guerrillas had demobilized and largely disarmed following El Salvador's 1992 Peace Accord, and that Alvarado–Chicas had faced no difficulties with the guerrillas when she lived in San Salvador in her final year before coming to the United States. Her asylum claim accordingly fails.[2]

Alvarado–Chicas's other contentions are without merit. The BIA did not violate Alvarado–Chicas's due process rights by adopting the decision of the IJ. *See Alaelua v. INS*, 45 F.3d 1379, 1382 (9th Cir.1995) (allowing the BIA to adopt the decision of an IJ). It is true that the BIA may not discharge its burden of giving individualized consideration to a petitioner's claim by adopting an IJ's opinion that is itself deficient, *see Tukhowinich v. INS*, 64 F.3d 460, 465 (9th Cir.1995), but here the IJ's decision was thorough and well-reasoned. The BIA's six-year delay in issuing its decision did not violate Alvarado–Chicas's due process rights because this delay did not cause her to suffer prejudice. *See Hassan v. INS*, 927 F.2d 465, 469 (9th Cir.1991) (holding that an alien's

---

1. Indeed, the record indicates that the guerrillas' abusive treatment was aimed at forcing people to join their ranks, and that the guerrillas were therefore "acting in furtherance of [their] own goals," rather than persecuting Alvarado–Chicas for any views she may have held. *Sangha v. INS*, 103 F.3d 1482, 1491 (9th Cir.1997).

2. Because Alvarado–Chicas failed to establish eligibility for asylum, she also failed to meet the higher standard for establishing eligibility for withholding of deportation. *See Elnager v. INS*, 930 F.2d 784, 789 (9th Cir.1991).

due process rights are violated only "if the thing complained of causes the alien to suffer some prejudice.") (quoting *Nicholas v. INS*, 590 F.2d 802, 809 (9th Cir.1979)).

PETITION FOR REVIEW DENIED.