Georges Vladimir Roger
GROS, Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 02–73516.

United States Court of Appeals,
Ninth Circuit.

Submitted April 2, 2004.*

Decided April 9, 2004.

Douglas D. Nelson, Attorney's at Law, San Diego, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, CAS–District Counsel, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Carl H. McIntyre, Jr., DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before: MAGILL,** TROTT and CALLAHAN, Circuit Judges.

## MEMORANDUM***

Georges Vladimir Roger Gros, a native and citizen of France, petitions for review of the decision by an immigration judge and the Board of Immigration Appeals (BIA) that he is ineligible for asylum, withholding of removal under 8 U.S.C. § 1252(b)(3), and relief under the Convention Against Torture ("Convention").[1]

■ We lack jurisdiction to review the BIA's finding that there were no extraordinary circumstances excusing the untimely filing of Gros' asylum application. *See* 8 U.S.C. § 1158(a)(2)(B); 8 U.S.C. § 1158(a)(2)(D); *Hakeem v. INS,* 273 F.3d 812, 815 (9th Cir.2001). We have jurisdiction over the withholding of removal claim and denial of relief under the Convention pursuant to 8 U.S.C. § 1252.

Gros contends that he would be subject to persecution for his political opinion by the Front National, an allegedly radical right-wing political party in France. This court reviews for substantial evidence the BIA's decision whether to withhold removal. *Al–Harbi v. INS,* 242 F.3d 882, 888–89 (9th Cir.2001) (quoting *INS v. Stevic,* 467 U.S. 407, 429–30, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984)). To qualify for withholding of removal, an alien must show that it is more likely than not that he would be subject to persecution on "on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3).

■ The BIA correctly determined that there is insufficient evidence that Gros would be persecuted if returned to France. Gros did not demonstrate that the police are unwilling or unable to assist him if he is returned to France. Furthermore, the last threat he received was in 1988, and more recent contacts to his family by individuals seeking his whereabouts were not necessarily linked to the Front National. In addition, there is information that suggests that the Front National is becoming less prominent in France.

■ Gros' assertion that he is eligible for relief under the Convention also fails. To be eligible for relief under the Convention, Gros needs to demonstrate that it is more likely than not that he would be tortured if removed to France. *See* 8 C.F.R. § 208.16(c)(2). Torture is defined under the Convention as an act involving pain or physical suffering that "is inflicted by or at the instigation of or with the consent or acquiescence of a public or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1). There is no evidence in the record that the French government instigated, consented to, or acquiesced in, the alleged attacks against Gros. Petition DISMISSED in part and DENIED in part.

---

** The Honorable Frank Magill, Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit excepts as provided by Ninth Circuit Rule 36–3.

1. Where, as here, the BIA has reviewed the IJ's decision and incorporated parts of it as its own, we treat the incorporated parts of the IJ's decision as the BIA's. *Alaelula v. INS,* 45 F.3d 1379, 1381–82 (9th Cir.1995).