**Winny SUINDA; Meylien Rachman, Petitioners,**

**v.**

Alberto GONZALES,* Attorney
General, Respondent.

No. 03–73382.

Agency Nos. A77–312–520, A75–752–984.

United States Court of Appeals,
Ninth Circuit.

Submitted April 4, 2005.**

Decided April 7, 2005.

Kathleen S. Koh, Law Offices of Kathleen S. Koh, Alhambra, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of The District Counsel Department of Homeland Security San Francisco, CA, Terri J. Scadron, Hillel Smith, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before KOZINSKI, HAWKINS and CLIFTON, Circuit Judges.

MEMORANDUM***

Winny Suinda and Meylien Rachman, natives and citizens of Indonesia, petition for review of the denial by the Board of Immigration Appeals ("BIA") and Immigration Judge ("IJ") of their application

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

for asylum and withholding of removal. We lack jurisdiction to review the determination that petitioners are ineligible for asylum because they failed to apply within one year of arriving in the United States. *See* 8 U.S.C. § 1158(a)(3); *Hakeem v. INS,* 273 F.3d 812, 815 (9th Cir.2001). Under 8 U.S.C. § 1252, we have jurisdiction to review the denial of withholding of removal. We review for substantial evidence, *see Hakeem,* 273 F.3d at 816, and deny the petition for review.

■ Substantial evidence supports the BIA's and IJ's determination that petitioners have not demonstrated that it is more likely than not that they will be persecuted in Indonesia. Neither being harassed and hit as a child, nor being pressured to not attend church, rise to a level of persecution. *See Nagoulko v. INS,* 333 F.3d 1012, 1016 (9th Cir.2003) (holding that being teased, bothered, discriminated against, harassed, and fired from job because of religious beliefs did not rise to level of persecution); *Prasad v. INS,* 47 F.3d 336, 339–40 (9th Cir.1995). Moreover, petitioners and their families practiced their faith without incident, and family members remaining in Indonesia continue to do so unharmed. *See Hakeem,* 273 F.3d at 816 (withholding of removal denied where family members continued to reside unharmed in country and applicant was able to practice faith without incident).

Petitioners' due process argument fails because the BIA is not required to provide a more detailed explanation for its dismissal. *See Alaelua v. INS,* 45 F.3d 1379, 1382 (9th Cir.1995); *see also Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849–52 (9th Cir. 2003).

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**