**Martin Luis JERONIMO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 02–72894.

Agency No. A75–252–461.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 18, 2005.*

Decided Dec. 6, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Miguel D. Gadda, Law Offices of Miguel D. Gadda, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Lyle Jentzer, Linda S. Wernery, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before FARRIS, TASHIMA, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Martin Luis Jeronimo petitions for review from the Board of Immigration Appeals' (BIA) decision affirming the Immigration Judge's (IJ) denial of his application for asylum and withholding of removal.[1] Jeronimo argues that the agency erred by concluding that he did not establish eligibility for asylum based on past persecution in Mexico.

Where, as here, the BIA adopts the IJ's findings and reasoning, we review the IJ's decision for substantial evidence.[2] *Ochave v. INS*, 254 F.3d 859, 862 (9th Cir.2001); *Singh–Kaur v. INS*, 183 F.3d 1147, 1149–50 (9th Cir.1999). The IJ's eligibility determinations must be upheld if they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Gormley v. Ashcroft*, 364 F.3d 1172, 1176 (9th Cir.2004) (citation omitted). We must uphold the IJ's findings unless the evidence presented would compel a contrary result. *Singh–Kaur*, 183 F.3d at 1149–50.

To be eligible for asylum, an alien must show that he or she is unable or unwilling to return to his or her country because of persecution or a well-founded fear of persecution on account of a protected ground such as political opinion. 8 U.S.C. § 1101(a)(42). Persecution may be inflicted by the government, or by persons or organizations which the government is unable or unwilling to control. *Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir.1997). The alien has the burden of proving eligibility for asylum. *Id.*

■ The IJ's determination that Jeronimo failed to establish past persecution based on a political opinion is supported by substantial evidence. The record establishes that Jeronimo received anonymous letters telling him to stop his activities in support of the National Action Party (PAN) and to join the controlling Institutional Revolutionary Party (PRI). The local official in Jeronimo's village refused to

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Jeronimo does not challenge the IJ's conclusion that he is ineligible for withholding of removal relief.

2. We reject Jeronimo's argument that the BIA's one paragraph per curiam opinion violates due process. It is well established that the BIA can affirm an IJ's decision without issuing an opinion. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 851 (9th Cir.2003); *Alaelua v. INS*, 45 F.3d 1379, 1382 (9th Cir. 1995).

marry Jeronimo because he was involved in PAN activism, and the mayor's office in Arriaga asked Jeronimo to leave because of his PAN membership. Regarding the January 1989 beating, the record shows that Jeromino was unable to establish the identity of his assailants, although he believed them to be local officials or PRI members. At no point did Jeronimo testify that the men wore masks. They did not wear uniforms, display badges, or identify themselves as police officers, and Jeronimo did not recognize them as village officials. This evidence supports the IJ's conclusion that Jeronimo failed to establish past persecution, and therefore does not compel us to reach a contrary result.

An alien also can qualify for asylum without proving past persecution by establishing that he or she has a well-founded fear of future persecution. A well-founded fear of future persecution must be subjectively genuine and objectively reasonable. *See Montecino v. INS,* 915 F.2d 518, 520–21 (9th Cir.1990) (noting that the objective circumstances "must be determined in the political, social and cultural milieu of the place where the petitioner lived").

■ The IJ considered the 10 years that had passed since Jeronimo was in Oaxaca, the political in-roads the PAN had made in Mexico,[3] the nature and extent of the harm suffered by Jeronimo in the 1980s, and Jeronimo's ability to relocate, to conclude that Jeronimo failed to establish a well-founded fear of future persecution. These facts substantially support the IJ's conclusion that Jeronimo's fear of future persecution was not objectively reasonable.

3. The State Department's 1998 Country Conditions Report for Mexico states that the PAN and the Democratic Revolutionary Party made strong gains in the 1997 national elections, and that the PRI and the opposition demonstrated an ability to work together in

The petition for review is

DENIED.

Congress. The report also mentions that political and other extrajudicial killings were committed by the military and police forces, but there is no indication in the report that PAN members were the targets of this abuse.