NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 7 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARIO RODRIGUEZ CASILLAS,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.    20-72354

Agency No. A209-820-936

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 2, 2021**
Seattle, Washington

Before:  McKEOWN and GOULD, Circuit Judges, and RAKOFF,*** District Judge.

Mario Rodriguez Casillas, a citizen of Mexico, seeks review of a Board of

Immigration Appeals (BIA) decision dismissing his appeal of the Immigration

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

***      The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

Judge's (IJ) order denying withholding of removal. We review factual findings for substantial evidence, *Hanna v. Keisler*, 506 F.3d 933, 940 (9th Cir. 2007), and we grant the petition.

Casillas has been in the United States since 2005 and works in Washington State as a teacher. He was apprehended in 2017 as part of an investigation into a different individual. He now seeks withholding of removal on the ground that his life or freedom would be threatened in Mexico on account of his identity as a gay, HIV-positive individual.

The IJ found Casillas credible but denied the application for withholding of removal. In concluding that Casillas did not suffer past persecution, the IJ relied on its finding that Casillas was never "physically harmed by anyone in Mexico."[1] That finding is directly contradicted by substantial evidence.

Casillas was twice physically harmed. In first grade, a group of boys "attempted to sexually assault [him]" and "threw [him] to the ground." *See Kaur v. Wilkinson* 986 F.3d 1216, 1224 (9th Cir. 2021) ("[A]ttempted rape almost always constitutes persecution"). In junior high school, a boy called him a gay slur and pushed him off his bike, causing him to land "on the rear tire and then onto the ground, causing severe pain to [his] genital area." In addition to these incidents,

---

[1] Because the BIA explicitly adopted the IJ's opinion, we treat the IJ's opinion as the BIA's. *See Alaelua v. INS*, 45 F.3d 1379, 1382 (9th Cir. 1995).

2

which were described in his affidavit, Casillas explicitly testified that he was attacked. When asked whether he was "threatened or [] physically harmed in Mexico because of his sexual orientation," he responded unequivocally: "Yes. When I was a kid, when I was a child, I suffered from attacks from my neighbors, my classmates at the school."

Because any reasonable adjudicator would be compelled to conclude that these plain acts of physical violence constitute "physical harm," the IJ's finding that Casillas was not "physically harmed by anyone" is error. *See* 8 U.S.C. 1252(b)(4)(B) (the agency's factual findings "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary"). The error is not harmless because a finding of persecution would generate a presumption of eligibility for withholding of removal, and "[p]hysical harm has consistently been treated as persecution." *Chand v. INS*, 222 F.3d 1066, 1073 (9th Cir. 2000); *see also Kaur v. Wilkinson*, 986 F.3d 1216, 1222 (9th Cir. 2021) ("The hallmarks of persecutory conduct include, but are not limited to, the violation of bodily integrity and bodily autonomy."); *Li v. Holder*, 559 F.3d 1096, 1107 (9th Cir. 2009) ("[P]hysical violence is persecution").

We remand to the BIA for the agency to reconsider whether Casillas suffered past persecution in light of the evidence that he suffered physical harm.

**PETITION GRANTED; REMANDED.**