85 F.3d 637
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Salvador NAVARRO-OCHOA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70728.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 9, 1996.
Decided May 15, 1996.
As Amended May 23, 1996.
As Amended July 15, 1996.
 
 Before: REINHARDT, KOZINSKI, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Navarro-Ochoa appeals an order by the Board of Immigration Appeals (BIA) affirming an immigration judge's decision to deny his request for waiver of deportation. Because the BIA adopted the immigration judge's order for the reasons stated therein, we review that order. Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995). We review the balancing of equities underlying the decision on a waiver of deportation for an abuse of discretion. Yepes-Prado v. INS, 10 F.3d 1363, 1366 (9th Cir.1993). We conclude that the immigration judge's order is not supported by substantial evidence and therefore reverse the order as an abuse of discretion.
 
 
 3
 More than seven years after Navarro-Ochoa was released from prison, the INS belatedly moved to deport him. Navarro-Ochoa conceded deportability for having committed two crimes of moral turpitude a decade ago, and applied for waiver of deportation under Section 212 of the Immigration Act of 1990, Pub.L. No. 101-649, 104 Stat. 4978 (1990). The immigration judge found that Navarro-Ochoa had established "unusual and outstanding equities." The evidence of those equities includes: the unstinting support of his wife and five children, all citizens or resident aliens, who testified that they needed him for financial and moral support, and that since his release from prison seven and one half years ago he had been a dedicated husband, father, and grandfather to his nine U.S. citizen grandchildren; the fact that Navarro-Ochoa had worked steadily, always paid his taxes, and never been on welfare during his 18 years as a legal United States resident alien; and the fact that since his release from prison he had helped his wife and children purchase a house and had an unblemished record.
 
 
 4
 Notwithstanding Navarro-Ochoa's outstanding equities, the immigration judge exercised his discretion to deny Navarro-Ochoa waiver of deportation because of the judge's belief that Navarro-Ochoa had not demonstrated rehabilitation. We hold that the judge's conclusion is not supported by substantial evidence in the record as a whole. The judge said that the petitioner had denied responsibility for sexually abusing his daughters because at one point in the deportation hearing, in an exchange that was clearly colored by problems of interpretation, Navarro-Ochoa did not admit to having sexually molested his eldest daughter, 10 years previously. In his decision, however, the judge does not note that at another point in the hearing, Navarro-Ochoa clearly and unequivocally acknowledged having sexually abused his daughters. The immigration judge also concluded that the petitioner did not accept responsibility for his past actions because the judge erroneously believed that Navarro-Ochoa had denied threatening one of his daughters with harm if she approached her mother with information of the sexual abuse. Navarro-Ochoa's denial was justified, however, because there is no evidence in the record that he did threaten any of his daughters.
 
 
 5
 The immigration judge based his decision to deny Navarro-Ochoa's request for a Section 212(c) waiver solely on his belief that the petitioner had not adequately accepted responsibility for his prior actions and thus did not demonstrate sufficient evidence of rehabilitation. The immigration judge's determination that Navarro-Ochoa did not accept responsibility for his prior actions is not supported by substantial evidence in the record. Because that is the sole basis for the immigration judge's decision, and because the immigration judge properly found outstanding equities in Navarro-Ochoa's favor, we reverse the BIA's order affirming the immigration judge's decision and remand with instructions that the petitioner be granted waiver of deportation.
 
 
 6
 Navarro-Ochoa has been held in detention for nearly two years while appealing his denial of waiver of deportation. There is no further reason to keep him in custody and we order HIS RELEASE FORTHWITH. The mandate shall issue upon the filing of this disposition, Fed.R.App.P. 2.
 
 
 7
 No petition for rehearing will be entertained.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3