107 F.3d 17
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sukhjeet SINGH, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70455.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 3, 1996.*
Decided Feb. 07, 1997.
 
 1
 Before: SKOPIL and FLETCHER, Circuit Judges, and RHOADES,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Petitioner Sukhjeet Singh ("Singh"), petitions this court for review of a decision of the Board of Immigration Appeals ("BIA"), which denied Singh's request for asylum and withholding of deportation based on an adverse credibility finding. Singh argues that the adverse credibility finding is not supported by the record, that he established subjective and objective reasons for fearing persecution in India, that the BIA erred by failing to review petitioner's eligibility for asylum based on past persecution, and that he met the requirements for mandatory withholding of deportation. We conclude that the BIA's finding is supported by substantial evidence in the record and deny the petition for review.
 
 
 4
 Singh, a native and citizen of India, entered the United States without inspection on September 30, 1992. He applied for asylum, but his application was denied. Deportation proceeding were instituted against Singh pursuant to an Order to Show Cause ("OSC"), which alleged his deportability under Section 241(a)(1)(B) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1251(a)(1)(B). At a hearing before the Immigration Judge ("IJ"), Singh admitted the factual allegations of the OSC, conceded deportability, and renewed his request for asylum and withholding of deportation. In the alternative, he requested voluntary departure under § 244(e) of the Act, 8 U.S.C. 1254(e). After a hearing, the IJ found that Singh's testimony was not credible, that he failed to establish past persecution or a well-founded fear of future persecution, and that he could not demonstrate the clear probability of persecution required for withholding of deportation under § 243(h) of the Act, 8 U.S.C. 1253(h). Therefore, the IJ denied Singh's request for asylum. The IJ granted Singh's request for voluntary departure, with an alternative order of deportation if Singh failed to depart the United States by February 5, 1995. Singh timely appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). The BIA affirmed the decision of the IJ.
 
 
 5
 The Attorney General has the discretion to grant an alien physically present in the United States asylum if the Attorney General determines that the alien is a refugee. 8 U.S.C. § 1158(a). A refugee is a person who is outside his or her country of nationality and who is "unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A).
 
 
 6
 A request for asylum in deportation proceedings is automatically considered to include a request for withholding of deportation. INS v. Stevic, 467 U.S. 407, 420 n. 13 (1984). Withholding of deportation is mandatory if an alien's life or freedom would be threatened because of the alien's race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1253(h)(1). To obtain withholding of deportation, the alien must establish a clear probability of persecution based on one of these grounds, a standard which the Supreme Court has observed is higher than that required for asylum. INS v. Cardoza-Fonseca, 480 U.S. 421, 449-50 (1987).
 
 
 7
 This Court must uphold the BIA's denial of asylum if it is supported by reasonable, substantial, and probative evidence in the record. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). The BIA's decision to withhold deportation pursuant to § 243(h) is also reviewed for substantial evidence. Berroteran-Melendez v. INS, 955 F.2d 1251, 1255 (9th Cir.1992). Factual findings by the BIA are conclusive if they are supported by reasonable, substantial and probative evidence on the record considered as a whole. Id; Hartooni v. INS, 21 F.3d 336, 340 (9th Cir.1994).
 
 
 8
 Credibility determinations are reviewed for substantial evidence. Vilorio-Lopez v. INS, 852 F.2d 1137 (9th Cir.1992). We defer to credibility findings that are fairly supported by the record, if the IJ's adverse credibility determinations are supported by specific and cogent reasons, and if there is a rational and supportable connection between the reasons and the adverse credibility finding. Paredes-Urrestarazu v. INS, 36 F.3d 801, 817 (9th Cir.1994). Generally, this court reviews the findings of the BIA, not the IJ. Because the BIA's decision incorporated the reasons of the IJ, however, this Court will treat the IJ's reasons as those of the BIA. Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995).
 
 
 9
 In the present case, the IJ gave several reasons for her adverse credibility finding. First, although Singh claimed to follow the tenets of the Sikh religion, he appeared at his deportation hearing with short hair, no beard, and without a turban. When questioned as to his appearance, Singh claimed that he had cut his hair before entering the United States and that he had kept his current appearance because he was looking for a job. However, Singh later testified that he had already found a job in the United States. Singh stated that while in India, he wore his hair and beard long, and that he also wore a turban. However, a picture taken in 1989 and admitted into evidence at the hearing showed Singh with no beard and short hair. When questioned about the picture, he stated that he had cut his hair at that time, but had later grown it again.
 
 
 10
 Further, when questioned about his involvement with the All India Sikh Student Federation ("AISSF"), Singh stated that he handed out flyers and told people about AISSF meetings. However, Singh lacked knowledge about the organization's purpose and goals, and only after "much prodding" from his attorney did Singh state that one of the AISSF's goals was to create the separate state of Khalistan. The IJ also pointed out that Singh was unable to explain the goal of the AISSF meetings other than to state that their purpose was to encourage the Sikhs to remain united so that they could "get Khalistan." The IJ noted that later in the hearing, Singh remembered that the AISSF was also concerned because water was being taken from the Punjab and diverted to other parts of India.
 
 
 11
 Furthermore, the IJ pointed out that in the statement attached to his asylum application, Singh indicated that he gave lectures. When questioned as to the nature of these lectures, Singh replied that at regular AISSF meetings, people would give speeches for three to five minutes, and that he often did so, telling others to remain united to achieve the goals of the organization. The IJ questioned whether Singh engaged in such activities, noting that he was unable to articulate any goals of the organization other than unification. The IJ, therefore, doubted whether Singh could speak for three to five minutes about the goals of the AISSF.
 
 
 12
 The IJ also found it relevant that when questioned about the status of the AISSF, Singh was unsure whether the AISSF was a legal or illegal party. The IJ noted that in the statement attached to his asylum application, Singh indicated that the AISSF was an illegal party. It became clear during the hearing, however, that Singh was aware that the AISSF was not an illegal party.
 
 
 13
 Although apparently not central to her decision, the IJ also noted that the doctor's note that Singh submitted to corroborate his claims of torture at the hands of the police was not dated, and only referred to treatment for mental problems and sleeplessness, but made no mention of the cause of these ailments.
 
 
 14
 On appeal, the BIA found that there was substantial evidence in the record to support the IJ's adverse credibility finding, and that no basis existed for overturning the IJ's determination. Specifically, the BIA noted that discrepancies existed within Singh's testimony about events on which Singh based his claims of persecution. Therefore, the BIA concluded that Singh's claim of persecution or fear of persecution was not credible. Furthermore, the BIA explained that, on appeal, Singh again changed his story regarding his appearance. In his appeal to the BIA, Singh stated that he does not wear the outward signs of Sikhism because he is not an orthodox Sikh and therefore is not required to do so. However, the BIA found that Singh had not previously claimed a distinction between orthodox and non-orthodox Sikhs, and had previously claimed to have worn long hair, a beard, and a turban while living in India.
 
 
 15
 A review of the record reveals that the BIA's adverse credibility determination is supported by substantial evidence in the record. The IJ gave specific and cogent reasons, which the BIA adopted, for her finding that Singh was not credible. These reasons, as reviewed above, are rationally connected to the adverse finding. Because the BIA's adverse credibility finding is supported by substantial evidence, Singh's other claims need not be addressed.
 
 
 16
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable John S. Rhoades, Senior United States District Judge for the Southern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3