116 F.3d 484
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Tudor HAPUARACHCHI, aka Wimalaratna Tudor Hapuarachchi aka
Gamini Weerasinghe; Shanthi Mamatunga
Hapuarachchi, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-71031.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 3, 1997*
Decided June 9, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, Nos. Amy-rzs-ert, Aya-zgn-hrf.
 Before: NORRIS, LEAVY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Tudor and Shanthi Hapuarachchi, natives and citizens of Sri Lanka, petition pro se for review of an order of the Board of Immigration Appeals ("BIA"), which dismissed the Hapuarachchis' appeal of an immigration judge's ("IJ") decision denying their application for asylum and withholding of deportation. We have jurisdiction under 8 U.S.C. § 1105a(a), and we deny the petition for review.
 
 A. Denial of Asylum
 
 3
 We review the denial of asylum for an abuse of discretion. See Ramos-Vasquez v. INS, 57 F.3d 857, 861 (9th Cir.1995). The factual findings underlying the decision will be upheld if supported by substantial evidence. See id. We will uphold the decision unless the evidence compels a contrary result. See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).
 
 
 4
 The Hapuarachchis contend the BIA erred by finding that they failed to establish a well-founded fear of persecution on account of imputed political opinion. We disagree. First, the evidence in the record does not compel the conclusion that the Janatha Vimukhti Peramuna ("JVP") actually imputed any particular political opinion to the Hapuarachchis based simply on the Hapuarachchis' attempts to go to work on national "curfew" days imposed by the JVP and the Hapuarachchis' government-affiliated employment. See Elias-Zacarias, 502 U.S. at 482-83; Sangha v. INS, 103 F.3d 1482, 1489 (9th Cir.1997).
 
 
 5
 Second, even assuming that the JVP did impute a pro-government political opinion to the Hapuarachchis, the evidence in the record does not compel the conclusion that the Hapuarachchis have a well-founded fear that the JVP will persecute them because of that political opinion, rather than because of the Hapuarachchis' reluctance to abide by the JVP-imposed work strikes and curfews, which were designed to paralyze Sri Lanka. See Elias-Zacarias, 502 U.S. at 482 (stating that persecution on account of political opinion means persecution on account of the applicant's political opinion, not the persecutor's).
 
 
 6
 Third, although Shanthi Hapuarachchi testified that her mother's house was burned by the JVP in 1989 and that family members in Sri Lanka continue to receive threats because Shanthi's nephews serve in the Sri Lankan military, this does not compel a conclusion that the Hapuarachchis have a well-founded fear of persecution. While we have held that acts of violence against an applicant's family members can establish a well-founded fear of persecution, we have required that this violence create a pattern of persecution closely tied to the applicant. See Prasad v. INS, 47 F.3d 336, 340 (9th Cir.1995). Allegations of isolated violence are not enough. See Ramos-Vasquez, 57 F.3d at 861. Here, the Hapuarachchis have not established that the burning of Shanthi Hapuarachchi's mother's home and the threats against her family are part of a pattern of persecution closely tied to either Tudor or Shanthi Hapuarachchi. Moreover, the 1995 Sri Lanka Country Conditions profile states: "No terrorist incidents in Sri Lanka in 1993 and 1994 were attributed to the JVP. Applicants claiming that they face abuse at the hands of the JVP if they return to Sri Lanka are not credible."[1]
 
 B. BIA Decision
 
 7
 The Hapuarachchis contend the BIA abused its discretion because it failed to fully articulate its reasons for its decision. We disagree. Although the BIA must state its reasons for the decision and show proper consideration of all relevant factors, the BIA may satisfy this requirement by explicitly adopting the IJ's opinion, "[i]f it is clear to us that [the BIA] gave individualized consideration to the particular case, but chose to use the IJ's words rather than its own." Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995); cf. Tukhowinich v. INS, 64 F.3d 460, 464-65 (9th Cir.1995). Here, it is clear from the BIA's decision that it gave individualized consideration of the Hapuarachchis' case, but chose to use the IJ's words rather than its own. The Hapuarachchis do not dispute that the IJ's decision demonstrates a careful and proper consideration of all the relevant factors.
 
 
 8
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because the Hapuarachchis failed to establish eligibility for asylum, they necessarily failed to meet the more stringent standard for withholding of deportation. See Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995)