116 F.3d 1485
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Banta Singh DHALIWAL, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70900.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997.**
Decided June 23, 1997.
 
 1
 Before: GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Banta Singh Dhaliwal, a native and citizen of India, petitions pro se for review of the Board of Immigration Appeals' ("BIA") decision affirming an Immigration Judge's ("IJ") order denying his application for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 4
 Because the BIA clearly incorporated the IJ's decision, "we treat the IJ's statement of reasons as the BIA's and review the IJ's decision." Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995). We review credibility findings under the substantial evidence standard. See Osorio v. INS, 99 F.3d 928, 931 (9th Cir.1996).
 
 
 5
 Dhaliwal contends that the IJ's adverse credibility finding is not supported by substantial evidence and that the IJ improperly determined that Dhaliwal was ineligible for asylum. These contentions lack merit.
 
 
 6
 To establish eligibility for asylum, Dhaliwal must show that he has a well-founded fear of persecution in India on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. §§ 1101(a)(42)(A) 1158(a); Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). He must demonstrate both a genuine subjective fear of persecution and an objectively reasonable fear. See Acewicz, 984 F.2d at 1061. "The objective inquiry requires a showing by credible, direct, and specific evidence of facts supporting a reasonable fear of persecution" on account of one of the enumerated grounds. Prasad v. INS, 47 F.3d 336, 338 (9th Cir.1995) (internal quotation omitted). When the IJ makes an adverse credibility finding, the IJ "must have a legitimate articulable basis to question the petitioner's credibility, and must offer a specific, cogent reason for any stated disbelief." Osorio, 99 F.3d at 931 (internal quotations omitted).
 
 
 7
 Here, the IJ found marked inconsistencies in Dhaliwal's testimony at the deportation hearing and inconsistencies between Dhaliwal's two asylum applications. Specifically, although Dhaliwal testified that he was "baptized" into the Baba Khalsa group in 1971, the Department of State advisory opinion states that the group was not formed until the early 1980s. Moreover, although Dhaliwal testified that he attended monthly Baba Khalsa meetings in his village between 1981 and 1983 and that he was arrested in India in 1984, Dhaliwal presented documentary evidence which indicates that he was working in Iraq and Kuwait from 1982 to 1985. The IJ found Dhaliwal's explanation of this discrepancy implausible. Additionally, Dhaliwal testified that he was arrested again in 1990, held for one month, and severely mistreated. The IJ found Dhaliwal's testimony with regard to this incident incredible because Dhaliwal submitted a letter purportedly containing a doctor's signature which was "strikingly similar" to Dhaliwal's own signature.
 
 
 8
 Because the above discrepancies go to the heart of Dhaliwal's asylum claim, they are not minor. See Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir.1992). The IJ provided specific and cogent reasons for disbelieving Dhaliwal's testimony. Accordingly, substantial evidence supports the IJ's conclusion that Dhaliwal was not credible. See id.
 
 
 9
 In light of the record, we conclude that Dhaliwal failed to produce any credible, direct, and specific evidence that would compel a reasonable factfinder to conclude that he possessed a well-founded fear of persecution. See Prasad, 47 F.3d at 340. Moreover, because Dhaliwal failed to meet the lower standard required to obtain asylum, we affirm the IJ's decision denying his application for withholding of deportation. See id.
 
 PETITION FOR REVIEW DENIED.[1]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We have considered, and we reject, Dhaliwal's unsubstantiated allegations that the IJ was prejudiced against him and that the Punjabi interpreter was inadequate