124 F.3d 212
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose Antonio PEREZ-PEREZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70621.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 18, 1997.**
Decided Sept. 24, 1997.
 
 Before ALDISERT,*** CHOY and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jose Antonio Perez-Perez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the order of an immigration judge ("IJ") denying his applications for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C § 1105(a), and we deny the petition for review.
 
 
 3
 We review the BIA's determination that Perez-Perez failed to demonstrate a "well-founded fear of future persecution," including its factual findings, for substantial evidence. See Fisher v. INS, 79 F.3d 955, 961 (9th Cir.1996) (en banc) (citation omitted). Because the BIA clearly adopted the IJ's opinion, "we treat the IJ's statement of reasons as the BIA's and review the IJ's decision ..." Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995). We must uphold the BIA's denial of asylum unless the applicant demonstrates that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992); Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993).
 
 
 4
 To establish a well-founded fear of future persecution, the applicant must show both a genuine subjective fear and an objectively reasonable fear. See Acewicz, 984 F.2d at 1061. The objective component requires "a showing by 'credible, direct, and specific evidence' of facts supporting a reasonable fear of persecution." Id. (citation omitted). When the applicant seeks asylum on account of imputed political opinion, he must establish that a political opinion will be attributed to him, see Sangha v. INS, 103 F.3d 1482, 1489 (9th Cir.1997), and an objectively reasonable fear that he will be persecuted "because of that political opinion," Elias-Zacarias, 502 U.S. at 483 (emphasis in original).
 
 
 5
 Perez-Perez testified that he seeks asylum in order to escape forced recruitment by guerillas. However, he failed to present any evidence that the guerillas' attempt to recruit him was on account of a political opinion, real or imputed. See Elias-Zacarias, 502 U.S. at 482-83 (holding that refusal to join guerilla forces is not enough by itself to show that persecutors acted "on account of" applicant's political opinion). Nor did Perez-Perez present any evidence to show that the political opinions of his brother would be attributed to him so as to result in the individual persecution he claims to fear upon returning to Guatemala.[1] See Sangha, 103 F.3d at 1490-91 (requiring proof to establish that persecutor would impute the political views of a father to his son); see also Rebollo-Jovel v. INS, 794 F.2d 441, 448 (9th Cir.1986) (holding that applicant for political asylum must demonstrate "that potential persecution would be directed at him as an individual" and "would be politically motivated") (citations omitted).
 
 
 6
 We conclude the evidence presented was not so compelling that a reasonable factfinder would have to find that Perez-Perez had a well-founded fear of persecution on the basis of imputed political opinion. Accordingly, we affirm the BIA's denial of asylum. See Elias-Zacarias, 502 U.S. at 483-84; Sangha, 103 F.3d at 1489-90.
 
 
 7
 Because Perez-Perez failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard required for withholding of deportation. See Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995).
 
 
 8
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for disposition without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 * The Honorable Ruggero J. Aldisert, Senior Circuit Judge for the Third Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Although Perez-Perez may be fearful of returning to his home village in Guatemala, "[r]epatriation to a country does not force the alien to return to the village he left." See Diaz-Escobar v. INS, 782 F.2d 1488, 1493 (9th Cir.1986)