141 F.3d 1179
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Hector Margarito SANCHEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 97-71018.
INS No. Avs-med-sbp.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted March 10, 1998.**
Decided March 18, 1998.
 
 On Petition for Review of an Order of the Board of Immigration Appeals.
 Before FLETCHER, BEEZER, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Hector Margarito Sanchez, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of an immigration judge's ("IJ") denial of his application for asylum and witholding of deportation under 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105(a),[1] and we deny the petition for review.
 
 
 3
 Sanchez contends that substantial evidence does not support the BIA's determination that he did not suffer past persecution or have a well-founded fear of future persecution on account of political opinion or membership in a particular social group. When the BIA adopts the decision of the IJ, this court reviews the decision of the IJ. See Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995).[2] We review the denial of asylum for abuse of discretion. See Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). We review the IJ's factual findings, including whether an applicant has shown eligibility for asylum, for substantial evidence and will uphold the decision unless the evidence compels a contrary result. See id.
 
 
 4
 Sanchez testified that in 1992 he received an anonymous letter that instructed him to leave the area or be killed. The letter also allegedly threatened his family. Because Sanchez presented insufficient evidence regarding the source of the letter and its motivation, substantial evidence supports the IJ's finding that Sanchez neither suffered past persecution nor had a well-founded fear of persecution on account of his political opinion.[3] See Acewicz, 984 F.2d at 1061.
 
 
 5
 Having failed to meet the less stringent standard for asylum, Sanchez necessarily failed to satisfy the standard for withholding of deportation. See Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995).
 
 
 6
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 8 U.S.C. § 1105a was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996), as amended by Act of Oct. 11, 1996, Pub.L. No. 104-302, 110 Stat. 3656. However, because petitioner was in deportation proceedings before April 1, 1997, section 309(c) of IIRIRA provides that this court continues to have jurisdiction under 8 U.S.C. § 1105a
 
 
 [2]
 Sanchez's contention that the BIA failed to provide specific and cogent reasons for its decision is without merit because the BIA adopted the decision of the IJ
 
 
 [3]
 In his brief to this court, Sanchez argues that he was beaten because of political opinion imputed to him. However, he did not mention either the beatings or the imputed opinion in his application or testimony to the IJ. See Rashtabadi v. INS, 23 F.3d 1562, 1567 (9th Cir.1994) (stating that failure to raise an issue before the IJ and BIA bars the issue from consideration by this court)