Marcelino Hermes SAMIN; Cynthia Natividad Samin; Milady Natividad Samin; Michelle Natividad Samin; Marisol Natividad Samin, Petitioners,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–73101.

United States Court of Appeals, Ninth Circuit.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Argued and Submitted Nov. 7, 2003.*

Decided Nov. 24, 2003.

Venu Alagh, Korenberg, Abramowitz & Feldun, Sherman Oaks, CA, for Petitioners.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Mark Walter, James R. Grimes, Esq., Office of Immigration Litigation, Washington, DC, for Respondent.

Before: HALL, O'SCANNLAIN, Circuit Judges, and BROWN, District Judge.**

MEMORANDUM ***

Marcelino Samin, his wife, and three daughters (all natives and citizens of the

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* The Honorable Anna J. Brown, United States District Judge for the District of Oregon, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the

Philippines) petition for review of the decision of the Board of Immigration Appeals (BIA) dismissing their appeal from an Immigration Judge's (IJ) denial of their requests for asylum and withholding of deportation. Petitioners alleged the Moro National Liberation Front (MNLF), an anti-government movement active in the southern Philippines, persecuted Petitioners based on Mr. Samin's assistance to the Philippine government. The IJ denied Petitioners' requests based on an adverse credibility determination against Samin and his failure to establish a well-founded fear of persecution. We review for substantial evidence and will reverse the BIA's determination only if the Petitioners show the evidence compels such a result. *Cruz–Navarro v. INS*, 232 F.3d 1024, 1028 (9th Cir.2000). We deny the Petition.

Because the parties are familiar with the factual and procedural history of this case, we will not recount it except as necessary to explain our decision.

█ We reject Petitioners' argument that the BIA erred in its adverse credibility determination against Samin. The BIA cited several discrepancies between Samin's asylum application and his testimony and concluded the testimony "lacked detail and was inconsistent." When "[t]aken together," inconsistencies may be sufficiently material to permit an Immigration Judge (IJ) to question an applicant's credibility. *Singh–Kaur v. INS*, 183 F.3d 1147, 1152 (9th Cir.1999). Two of the inconsistencies related to the basis for Samin's alleged fear of persecution. *See de Leon–Barrios v. INS*, 116 F.3d 391, 393 (9th Cir.1997). Such inconsistencies are permissible bases for the BIA to question Samin's credibility. *See, e.g., Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001); *Singh–Kaur*, 183 F.3d at 1152. Moreover, Samin had access to

an interpreter and received multiple opportunities to clarify his testimony, but still failed to provide a coherent narrative. *See Singh–Kaur*, 183 F.3d at 1152–53.

After the BIA reversed his initial determination, the IJ provided several additional reasons for his finding, which the BIA subsequently affirmed. Based on Samin's testimony about his role as an informant and how he acquired his informant identity card, the IJ doubted Samin's testimony concerning the authenticity of the card and his claim that he would carry the potentially incriminating card on his person. The IJ also questioned Samin's assertion that he did not consider the safety of his family before volunteering as an informant in light of other facts about Samin in the record. In addition, the IJ found one of Samin's stated reasons for his 1993 return to the Philippines, "to check the situation," was not plausible because Samin admitted he could have done so by telephone. Finally, the IJ concluded Samin's return to the Philippines to execute a lease was not an "action of a person who has a well founded fear of persecution in his home country." Although Petitioners argue the IJ based his adverse credibility finding on impermissible conjecture, the record shows the IJ's conclusions were based on parts of Samin's testimony and other nonconjectural reasons which provide substantial evidence for the IJ's finding. *See Chebchoub*, 257 F.3d at 1043.

Finally, Samin argues the BIA erred when it adopted the IJ's adverse credibility determination without providing specific, cogent reasons to support the BIA's determination. We reject this argument. The BIA's express incorporation of the IJ's decision permits the BIA to adopt the IJ's reasons for its decision as well. *See*

courts of this Circuit except as may be provided by Ninth Circuit Rule 36–3.

*Alaelua v. INS*, 45 F.3d 1379, 1382 (9th Cir.1995).

 We also reject Petitioners' argument that the BIA erred when it determined Samin failed to establish a well-founded fear of persecution. A well-founded fear of persecution must be both "subjectively genuine and objectively reasonable." *Fisher v. INS*, 79 F.3d 955, 960 (9th Cir.1996). "If the applicant could avoid persecution by relocating to another part of the applicant's country of nationality ... [and] it would be reasonable to expect the applicant to do so," the applicant lacks a well-founded fear of future persecution. 8 C.F.R. § 208.13(b)(2)(ii).

Because Samin was not credible, Petitioners cannot satisfy the subjective prong of the test. In addition, the possibility of relocation undercuts their attempts to satisfy the objective prong. The BIA incorporated the IJ's opinion and relied on reports from the State Department and Amnesty International that MNLF activity was localized to the Southern islands of the Philippines. The IJ noted Samin's shop in Luzon remained undisturbed despite Samin's misfortunes in Jolo. The conclusion that Samin could relocate vitiates his claim of a well-founded fear of future persecution. Accordingly, substantial evidence supports the BIA's determination that Samin lacked a well-founded fear of persecution. *See Berroteran–Melendez v. INS*, 955 F.2d 1251, 1257 (9th Cir.1992).

Because the Petitioners have failed to establish a well-founded fear of persecution, they cannot meet the more stringent standard required for withholding of deportation. *See Mejia–Paiz v. INS*, 111 F.3d 720, 725 (9th Cir.1997).

* This panel unanimously finds this case suitable for decision without oral argument. See

Accordingly, the Petition for Review is DENIED.